UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DR. LAWRENCE RAINEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-C-3566 |
| ) | |
| PLAINFIELD COMMUNITY ) | Judge William T. Hart |
| CONSOLIDATED SCHOOL DISTRICT ) | |
| 202; JOHN HARPER in his individual ) | Magistrate Judge Sidney I. Schenkier |
| capacity; Members of the Board of ) | |
| Education for Plainfield Community ) | |
| Consolidated School District 202 in their ) | |
| individual capacities including MICHAEL ) | |
| KELLY, LINDA JOHNSON, ) | |
| MICHAEL ROGER BONUCHI, ) | |
| RICHARD FRIDDLE, ) | |
| RONALD KAZMAR, ROD WESTFALL, ) | |
| and VICTORIA EGGERSTEDT, ) | |
| ) | |
| Defendants, ) | |

**PLAINTIFF'S MOTION UPON DEFENDANTS TO COMPEL
PRODUCTION OF DOCUMENTS CLAIMED PRIVILEGED PURSUANT
TO THE ILLINOIS OPEN MEETINGS ACT AND FOR OTHER RELIEF**

Plaintiff, DR. LAWRENCE RAINEY, by his attorney, Glenn R. Gaffney, for his Motion to Compel Production of Documents Claimed Privileged Pursuant to the Illinois Open Meetings Act and for Other Relief, states:

1.  Defendants' Responses to Plaintiff's discovery requests have consistently been untimely. On October 25, 2007, Plaintiff first filed an FRCP 37 Motion Upon Defendants to Comply with Outstanding Discovery (Document 24) which outlined Defendants' lack of responsiveness as of that time frame. On October 31, 2007, this Court extended Defendants' time to respond to outstanding discovery to November 27, 2007. No responses were served by November 27, 2007.

2.  On December 4, 2007, Defendants served upon Plaintiff, Defendants' Responses and Objections to Plaintiff's First and Second FRCP 34 Requests for Production of Documents but not Answers to Interrogatories.

1

3. On December 7, 2007, Plaintiff's attorney corresponded to Defendants' attorney pursuant to LR 37.2. In that correspondence, Plaintiff's attorney sought an appropriate privilege log for documents claimed privileged pursuant to FRCP 26(b)(5). Additionally, Plaintiff's correspondence requested that Defendants produce documents claimed privileged pursuant to the Illinois Open Meetings Act referencing a case directly on point. *Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D. 447 (N.D. Ill., 2006). A copy of that letter is attached as Exhibit A.

4. As of December 28, 2007, Plaintiff had not yet received Defendants' Answers to Interrogatories and document responses contained many objections, which precipitated an LR 37.2 Request for Compliance and setting forth case law for the proposition that a failure to comply with FRCP 33 and 34 Requests on a timely basis creates a waiver of untimely objections. A copy of Plaintiff's December 28, 2007 letter is attached as Exhibit B.

5. On January 4, 2008, Defendants tendered Answers to Interrogatories along with a cover letter. A copy of the cover letter is attached as Exhibit C and the Answers to Interrogatories are attached as Exhibit D. The Answers to Interrogatories contain numerous objections and attach a revised six-page privilege log.

6. On January 25, 2007, Defendants served upon Plaintiff, Defendants' Supplemental Responses to Plaintiff's First and Second Requests for Production of Documents. A copy of Defendants' Response to Plaintiff's First Rule 34 Request is attached as Exhibit E and Second 34 Request is attached as Exhibit F. In those Supplemental Responses, Defendants objected to the production of closed session Board Meeting Minutes, notes and recordings within its responses to Plaintiff's First Document Request at request numbers 1, 82-91, and Second Document Request numbers 19, 36 a-c. Defendant also raised objections regarding the issue of "comparatives" within Plaintiff's First Document Request numbers 53-55, and 61. Defendant raised similar objections regarding the issue of comparatives at Plaintiff's Second Document Request numbers 11, 46-49, 65, 68-70, 75-76.

7. On February 6, 2008, Plaintiff's attorney again requested that Defendants produce documents claimed privileged pursuant to the Illinois Open Meetings Act and enclosed a courtesy of the *Kodish* decision. A copy of Plaintiff's attorney's February 6, 2008 correspondence is attached as Exhibit G. Defendants have not responded to this authority which was first raised in Plaintiff's correspondence of December 7, 2007 (Exhibit A).

8. On February 13, 2008, Plaintiff's counsel corresponded pursuant to LR 37.2 outlining deficient answers to interrogatories and further describing deficiencies within Defendants' privilege log. A copy of the February 13, 2007 correspondence is attached as Exhibit H. Defendants have not responded to this request.

9. On February 29, 2008, counsel for Plaintiff and Defendant had a discussion pursuant to LR 37.2. During that discussion, Plaintiff's counsel acknowledged that Plaintiff is not seeking the production of School Board closed session minutes or recordings pertaining to issues unrelated to the opening of Liberty School and Dr. Rainey. Counsel further discussed the issue of attorney/client privilege within the Board session meetings. Plaintiff's position is that Defendants' untimely objections constitute waiver and to the extent not waived, this Court or the Magistrate would need to perform an *in camera* review to determine the appropriateness of the claim of attorney/client privilege as in the *Kodish* decision. *Kodish*, 235 F.R.D. at 452-454.

10. Plaintiff's attorney's Certification pursuant to LR 37.2 is attached hereto as Exhibit 1.

WHEREFORE, Plaintiff seeks the following relief:

A. An Order finding that Defendants' untimely objections to Plaintiff's FRCP 33 and 34 discovery requests constitute waiver pursuant to the authority set forth within Plaintiff's letter of December 28, 2007 attached as Exhibit A;

B. An Order finding that Defendant has an obligation to produce documents pertaining to comparatives as set forth above;

C. An Order requiring Defendants to fully answer Interrogatories as set forth within Plaintiff's letter of February 13, 2008 attached as Exhibit H;

D. An Order striking Defendants' objections pursuant to the Illinois Open Meetings Act and requiring Defendants to produce all such responsive documents;

E. To the extent this Court does not find that Defendant has waived objections pursuant to the attorney/client privilege, an Order requiring Defendants to produce documents and recordings *in camera* along with an explicit privilege log in compliance with FRCP 26(b)(5);

    F. An award of attorney's fees and costs.

                                        /s/Glenn R. Gaffney
                                        Glenn R. Gaffney
                                        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

Justin R. Gaffney, certifies that on March 3, 2008 he e-filed the above and foregoing via the Case Management/Electronic Case Filing system with the Clerk of the U.S. District Court. The parties may access this filing through the Court's electronic filing system, and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

                                        /s/ Justin R. Gaffney
                                        Justin R. Gaffney
                                        Attorney for Plaintiff

Glenn R. Gaffney (6180598)
Justin R. Gaffney (6281428)
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
630-462-1200