UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DR. LAWRENCE RAINEY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> PLAINFIELD COMMUNITY ) <br> CONSOLIDATED SCHOOL ) <br> DISTRICT 202; et al., ) <br> ) <br> Defendants, ) | Case No. 07 C 3566 <br><br> Judge William T. Hart <br> Magistrate Judge Sidney I. Schenkier |

**PLAINTIFF'S ATTORNEY'S LR 37.2 CERTIFICATION**

Glenn R. Gaffney, attorney for Plaintiff, provides the following statement of attempts to resolve discovery differences pursuant to LR 37.2:

1. As attorney for Plaintiff, I have made reasonable and good faith efforts in an attempt to gain voluntary compliance by Defendant with outstanding discovery issues. Defendants' initial responses to Plaintiff's discovery were tardy which precipitated in my filing an initial Motion to Compel with the Court on October 25, 2007 and attached to that Motion is my LR 37.2 Certification pertaining to efforts at that time to gain voluntary compliance. On October 31, 2007, this Court granted Defendant an extension to November 27, 2007, to respond to all outstanding discovery. No responses were received or served by November 27, 2007.

2. On or about December 6, 2007, I received Defendants' Responses to Plaintiff's Document Requests but not any answers to interrogatories. I noted that notwithstanding untimely responses, Defendants included numerous objections often including boiler plate objections.

3. On December 7, 2007, my associate, Justin Gaffney, corresponded to Defendants' attorney pursuant to LR 37.2. A copy of that letter is attached as Exhibit A. At that time, we

1



were specifically seeking an appropriate privilege log pursuant to FRCP 26(b)(5) and crucial documents that Defendants claimed were privileged pursuant to the Illinois Open Meetings Act. In my associate's correspondence, he cited the case of *Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D.447 (N.D. Ill. 2006) for the proposition that the closed session privilege objection was inapplicable in this Federal case.

4. On December 28, 2007, I had not yet received Defendants' Answers to Interrogatories and Defendants' document responses contained numerous objections. I sent a letter pursuant to LR 37.2 requesting compliance and citing case law for the proposition that Defendants' lack of timeliness waived untimely objections. A copy of that letter is attached as Exhibit B.

5. On or about January 6, 2008, I received Defendants' Answers to Interrogatories along with a cover letter which are attached as Exhibit C and Exhibit D. The answers to interrogatories contained numerous objections and attached a six-page privilege log.

6. On January 25, 2007, Defendants served Supplemental Responses to Plaintiff's discovery requests which continued to raise numerous objections and continued to insist that the Illinois Open Meetings Act precluded the production of Board meeting minutes and audio tapes. A copy of Defendants' Supplemental Responses are attached as Exhibits E and F.

7. On February 6, 2008, I again corresponded to Defendants' counsel and attached a copy of the *Kodish* decision. A copy of that letter is attached as Exhibit G.

8. On February 13, 2008, I corresponded to Defendants' counsel pursuant to LR 37.2 regarding deficient answers to interrogatories and further pointing out deficiencies within Defendants' privilege log. A copy of my correspondence of February 13, 2008 is attached as Exhibit H.

9. On more than one occasion between January 4, 2008 and February 29, 2008, I and my associate, Justin Gaffney, have telephoned Defendants' counsel for the purpose of obtaining compliance with outstanding discovery, as outlined within the letters attached hereto. Additionally, on February 29, 2008, I had a telephone discussion with Defendants' counsel. At that time, I confirmed that I was not seeking School Board closed session minutes or recordings for issues unrelated to this litigation, but that we were entitled to production of those documents and recordings. Defendants' counsel raised the attorney/client privilege and Plaintiff's position is and has been that to the extent those objections are not deemed waived, it is incumbent upon Defendant to establish the privilege both by the preparation of a full and appropriate privilege log pursuant to FRCP 26(b)(5), but also submission of the documents or audio tapes deemed privileged to the Court for *in camera* determination.

_____
Glenn R. Gaffney
Attorney for Plaintiff

Glenn R. Gaffney
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139
Attorney No. 6180598
(630) 462-1200

3