# Gaffney & Gaffney

### Attorneys and Counselors at Law

Glenn R. Gaffney, Principal
Justin R. Gaffney, Associate

1771 BLOOMINGDALE ROAD
GLENDALE HEIGHTS, IL 60139
PHONE (630) 462-1200
FAX (630) 462-7698
E-MAIL grgaffney@EEAdvocate.com

December 7, 2007
**VIA Email and Regular Mail**
**RFV@francezek.com**
Res. Vazquez, Esq.
Franczek Sullivan PC
300 South Wacker Drive
Suite 3400
Chicago, IL 60606-6785

   RE:   **Dr. Lawrence Rainey v. PCCSD 202 et. al**
         **07-C-3566**

Dear Mr. Vazquez:

   Please allow this letter to serve as an LR 37.2 letter regarding your client's responses to the production of documents and privilege log.

1) Defendant's responses identify documents bates # 1 – 11,458. Defendant produced documents up to bates #17,001. Therefore approximately 5,543 documents have been produced but are not identified so as to correspond with any of Plaintiff's document requests. Before I engage the task of determining what these documents are and how they may be helpful I need to know if they are responsive to any of Plaintiff's document requests and if so, which ones do they specifically correspond to. As you know, FRCP 34 requires document production to correspond with the particular request.

2) The privilege log that you have submitted is deficient and does not comport with Federal requirements of a privilege log. I must have a more detailed log to assess the veracity of your client's privilege claims. Please see the authority below for those details I am seeking in your privilege log.

"The party shall make the claim [privilege] expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5). "Given the elements required to support a claim of work product or attorney-client privilege, each document in a privilege log should contain details including: **date, author and all recipients of the document, subject matter, purpose, and an explanation as to why the document should be privileged and not produced in discovery**. It may be overstating the obvious, but in this court's experience it is necessary; describing a document as "legal advice" or "work product" is not the same as *establishing* that the

**PLAINTIFF'S
EXHIBIT
A.**

documents are immune from discovery." <u>Coltec Industries, Inc. v. American Motorists Ins. Co.</u> 197 F.R.D. 368, *373 (N.D.Ill.,2000)

3) You have asserted the Open Meeting Acts a number of times throughout your responses and yet notwithstanding that objection a bates range of documents are identified. It is unclear if there are documents that are being withheld due to the assertion of that Act. Presuming there are documents being withheld the Open Meetings Act is not a valid means to that end. The Open Meetings act is not recognized by the 7th Circuit as a Federal common law privilege. "Federal common law of privileges would not be expanded to encompass a state law open meetings privilege in a former firefighter's § 1983 suit challenging his termination, during which he sought to compel the production of an audiotape recorded during a closed session meeting of the fire district; to pursue his claim, the firefighter had to attempt to ascertain the motive and basis for the district's decision to terminate him, the audiotape would likely aid in uncovering relevant facts, and there was no compelling policy interest to justify protecting all communications in the closed session meeting." 42 U.S.C.A. § 1983; Fed.Rules Evid.Rule 501, 28 U.S.C.A.; 5 ILCS 120/2.06(e). <u>Kodish v. Oakbrook Terrace Fire Protection Dist.</u> 235 F.R.D. 447 (N.D.Ill.,2006). As the <u>Kodish</u> case is directly on point and speaks to the relevancy and importance of closed session documents in a lawsuit regarding an employment termination, please produce.

4) Your objections to the Second Request for Documents 88 regarding Dr. Rainey's children's records are not valid. This request is not overbroad as the request is narrow in scope and only encompasses the Plaintiff's children's records. Please explain how it is burdensome to produce his children's records. The records are relevant to the issues of damages because as you know Dr. Rainey had to move from Plainfield which was motivated in part by the District's differential treatment of his children. The records also support the theory that the District has a culture of bias and racism towards blacks including but not limited to black students. Finally, Dr. Rainey hereby gives his authority to District 202 to release his minor children's records. This grant of authority should eliminate any concern the District has about disclosing confidential student information.

Either Glenn Gaffney or myself will be responding under separate cover in short order regarding the District's other objections. I look forward to working with you in an attempt to resolve discovery document disputes.

Sincerely,

Justin R. Gaffney

December 28, 2007
**By Fax (312) 986-9192 and First Class Mail**
Respicio F. Vazquez, Esq.
Franczek Sullivan PC
300 South Wacker Drive - Suite 3400
Chicago, IL 60606-6785

     Re:   **Dr. Lawrence Rainey v. Plainfield SD 202 et al.**
           **Case No. 07-C-3566**

Dear Mr. Vazquez:

On October 31, 2007, Judge Hart granted defendants until November 27, 2007 within which to respond to all of plaintiff's outstanding discovery requests. Presently, plaintiff has not received any response to plaintiff's FRCP 33 Interrogatories which issued on September 17, 2007. Please note that pursuant to FRCP 33(b)(4) untimely objections to interrogatories are waived unless the failure to object on a timely basis is excused by the Court for "good cause shown." Courts in the Northern District of Illinois have upheld the waiver of objections when not timely made. See, *Essex Ins. Co. v. Neely*, 236 F.R.D. 287 (2006); *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658 (D. Kan. 2004); *U.S. v. 58.16 Acres of Land, More or Less in Clinton County*, 66 F.R.D. 570 (E.D. Ill. 1975). Therefore, request is hereby made pursuant to LR 37.2 for full and complete answers to interrogatories without objections by January 4, 2008.

Additionally, plaintiff has issued two FRCP 34 Requests Upon Defendant for Production of Documents. We have received defendants' responses including objections to plaintiff's requests along with defendants' first disc containing documents. However, defendants' response to both plaintiff's FRCP 34 Requests were untimely. As in answering interrogatories, a party's failure to raise objections on a timely basis waives those objections. *Hobley v. Burge*, 226 F.R.D. 312, 320 (N.D. Ill. 2005); *Applied Systems, Inc. v. Northern Ins. Co. of New York*, 1997 W WL 639235 at 2 (N.D. Ill. 1997); *Autotech Technologies, Ltd. Partnership v. automationdirect.com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill. 2006); *Krewson v. City of Quincy*, 120 F.R.D. 6 (1988); *Certain Underwriters at Lloyds, London, Subscribing to Certificate of Insurance v. Inlet Fisheries, Inc.*, 223 F.R.D. 609 (D. Alaska 2005). Additionally, on December 7, 2007, my associate, Justin, sent you a request pursuant to LR 37.2 and defendants have not responded to that request. Request is hereby made for full and complete responses to both of plaintiff's FRCP 34 requests, along with all responsive documents by January 4, 2008.

Please call at your earliest convenience to discuss these matters further.

               Sincerely,

               Glenn R. Gaffney



GRG/kb
c Lawrence Rainey

# FRANCZEK  SULLIVAN P.C.
### ATTORNEYS AT LAW

300 SOUTH WACKER DRIVE
SUITE 3400
CHICAGO, ILLINOIS 60606
PHONE 312-986-0300
FAX 312-986-9192
http://www.franczek.com

RESPICIO F. VAZQUEZ
312-786-6134
rfv@franczek.com

January 4, 2008

Via Email and Regular US Mail
Glen R. Gaffney (grgaffney@eeadvocate.com)
Justin Gaffney (jgaff_cf1@yahoo.com)

Glen R. Gaffney
Gaffney & Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139

Re: Rainey v. Plainfield SD 202, et al., No. 07 C 3566

Dear Mr. Gaffney:

This is in response to your December 28, 2007 letter. You note that Judge Hart granted Defendants until November 27, 2007 to respond to Plaintiffs outstanding discovery requests. However, you fail to mention that on December 12, 2007, Judge Hart extended written discovery to January 25, 2008. Defendants have not and do not waive any objections as you claim.

However, in the spirit of moving discovery along, I am sending you Defendants Response to Plaintiffs First Set of Interrogatories and Defendants updated privilege log to Defendants Responses to Plaintiffs First and Second Requests for Production of Documents that have been previously submitted to you.

As I mentioned at the last status hearing, the School District is in the process of continuing to review Plaintiffs discovery requests and the Defendants will be supplementing its discovery responses. You may recall that Judge Hart advised the Defendants to produce its discovery as it develops but understood that based on the amount of the Plaintiffs discovery requests, Defendants needed the additional time to respond.

Sincerely,

Respicio F. Vazquez

RFV:rfv

PLAINTIFF'S
EXHIBIT
C -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. LAWRENCE RAINEY,      )
                          )
          Plaintiff,      )
                          )
vs.                       )
                          )
                          )
PLAINFIELD COMMUNITY      )
CONSOLIDATED SCHOOL DISTRICT   )
#202; JOHN HARPER in his individual   )      Case No. 07 C 3566
capacity; and the Members of the Board of   )
Education for Plainfield Community   )      Judge William Hart
Consolidated School District #202 in their   )
individual capacities including MICHAEL   )
KELLY, LINDA JOHNSON,     )
MICHAEL ROGER BONUCHI,    )
RICHARD FRIDDLE,          )
RONALD KAZMAR, ROD WESTFALL,   )
and VICTORIA EGGERSTEDT,  )
                          )
          Defendants.     )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

In further supplementation of their Fed. R. Civ. P. 26(a)(1) initial disclosures, and pursuant to Fed. R. Civ. P. 33, School District Plainfield Community Consolidated School District No. 202, Superintendent John Harper, individual members of the Board of Education, Michael Kelly, Linda Johnson, Michael Roger Bonuchi, Richard Friddle, Ronald Kazmar, Rod Westfall and Victoria Eggerstedt (collectively, the "School District") respond as follows to the First Set of Interrogatories propounded by Plaintiff Lawrence Rainey ("Plaintiff").

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS TO SUPPLEMENT RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES:

The School District objects to Plaintiff's First Set of Interrogatories to the extent that it seeks documentation regarding "assistant principals" employed by the School District on the



PLAINTIFF'S
EXHIBIT
D.

grounds that such information is entirely unrelated to the present litigation. All responses below regarding Plaintiff's requests for information regarding "assistant principals" are made subject to and notwithstanding the foregoing objection.

The School District objects to Plaintiff's First Set of Interrogatories to the extent that it seeks documentation regarding non-elementary schools within the School District on the grounds that such information is entirely unrelated to the present litigation. All responses below regarding Plaintiff's requests for information regarding non-elementary schools within the School District are made subject to and notwithstanding the foregoing objection.

The School District reserves the right to supplement any and/or all of its responses to these interrogatories as its investigation continues. Further, to the extent that Plaintiff requests the identification of all documents that are used by Defendants or relied upon in completing these interrogatories, Defendants reserve the right to supplement any and/or all of its responses since Defendants are still in the process of gathering and producing documents.

## INTERROGATORY NO. 1:

In regards to Plaintiff's potential for earning salary, bonuses, employment benefits and other pecuniary interests from the day his contract was not renewed through the present date his employment have continued through the present at the position of principal, state:

    a)    The salary range applicable to that position;
    b)    Describe any bonuses that Plaintiff may have been eligible for;
    c)    State the value of benefits which may have been payable to Plaintiff;
    d)    State the contributions Defendant may have made to Plaintiff's TRS;
    e)    Identify all documents relating or pertaining to the above.

## RESPONSE TO INTERROGATORY NO. 1:

The School District objects to this interrogatory and its subparts on the basis of speculation. Plaintiff's contract was not renewed and any calculations and benefits would be

2

speculative. Without waiving said objection and without limitation, the School District states as follows:

a) Investigation continues;

b) Plaintiff would not have been eligible for any bonuses;

c) i) Plaintiff would have received approximately $1,185 per month for family medical coverage; and ii) a life insurance policy valued at $100,000 (for which the School District would have paid $9.50 per month);

d) The School District would have contributed 9.4% of Plaintiff's salary to Plaintiff's TRS; and

e) The School District directs Plaintiff to documents labeled Bates Nos. Plainfield 7209-7211.

## INTERROGATORY NO. 2:

Please describe in detail the basis and all of the reasons for PCCSD 202's decision not to renew Plaintiff's contract for the 2006/2007 school year, the identity of all those involved in the decision not to renew Plaintiff's contract for the 2006/2007 school year, and state those facts or opinions each person identified contributed to the decision along with the basis of those facts and opinions. Identify all documents that the individuals identified used or relied upon to base the decision not to renew Plaintiff's contract for the 2006/2007 school year.

## RESPONSE TO INTERROGATORY NO. 2:

The School District objects to this interrogatory on the basis that it is overbroad, unduly burdensome and it essentially seeks an expansive narrative regarding all of the facts surrounding the non-renewal of Plaintiff's contract. Without waiving said objection and without limitation, the School District responds that Plaintiff failed to perform those duties as principal as required by Section 10-21.4a of the Illinois School Code. More specifically, Plaintiff failed to plan, operate and evaluate the educational program of the attendance area to which he was assigned.

3

359422.1

As for the identity of those persons involved in the decision not to renew Plaintiff's employment contract, the School District directs Plaintiff to the School District's Rule 26(a)(1) Initial Disclosures.

As for the identification of those documents relied upon to base the decision not to renew Plaintiff's contract, the School District directs involved directs Plaintiff to documents labeled Bates Nos. Plainfield 19-469.

## INTERROGATORY NO. 3:

At any time, the name, address, phone number, and dates of tenure of any principal whose contract was not renewed after their first year of tenure as a principal and all documents related to the reasons for non-renewal.

## RESPONSE TO INTERROGATORY NO. 3:

The School District objects to this interrogatory as overbroad in terms of time and subject matter, unduly burdensome and because it uses language that requires a search for information that far exceeds the scope of information conceivably relevant to the claim or defense of any party asserted in this lawsuit. This interrogatory does not request admissible evidence nor is it reasonably designed to lead to the discovery of admissible evidence.

Without waiving these objections and without limitation, the School District states that, within the past 5 years, and except for Plaintiff, there were no principals whose contracts were not renewed after their first year as a principal within the School District.

## INTERROGATORY NO. 4:

In the past 5 years the name, race, address, phone number, and dates of tenure of any principal whose contract was not renewed after their first year of tenure as a principal and all documents related to the reasons for non-renewal.

4

359422.1

## RESPONSE TO INTERROGATORY NO. 4:

The School District directs Plaintiff to the School District's response to Interrogatory No.

3.

## INTERROGATORY NO. 5:

In the past 5 years, the name, race, address, phone number and dates of tenure of any principal that was given a "mentoring plan" within the first 60 days during his first year of employment and state the reasons they were given the "mentoring plan." Provide all documents relating thereto.

## RESPONSE TO INTERROGATORY NO. 5:

In the five years before the filing of Plaintiff's lawsuit, the School District did not place

any principals on a mentoring plan except for Plaintiff.

## INTERROGATORY NO. 6:

In the past 5 years, the name, race, address, phone number, and dates of tenure of any principal or assistant principal who allowed or authorized the media to publish or cover a story that related in any regard to PCCSD 202 affairs. State the nature and substance of the media coverage or publication and provide all documents relating thereto.

## RESPONSE TO INTERROGATORY NO. 6:

The School District objects to this interrogatory because it uses language that requires a

search for information that far exceeds the scope of information conceivably relevant to the

claim or defense of any party asserted in this lawsuit. The School District objects further to

Plaintiff's use of the phrase "who allowed or authorized the media to publish or cover a story

that related in any regard to PCCSD 202 affairs" as too vague, ambiguous, overboard and unduly

burdensome to put them on sufficient notice of what information Plaintiff seeks. This

interrogatory does not request admissible evidence nor is it reasonably designed to lead to the

discovery of admissible evidence.

359422.1

## INTERROGATORY NO. 7:

In the past 5 years, the name, the race, address, phone number of any principal or assistant principal who was terminated and the reasons therefore. Provide all documents relating thereto.

## RESPONSE TO INTERROGATORY NO. 7:

The School District objects that this interrogatory uses language that requires a search for information that far exceeds the scope of information conceivably relevant to the claim or defense of any party asserted in this lawsuit. This interrogatory does not request admissible evidence nor is it reasonably designed to lead to the discovery of admissible evidence.

Without waiving these objections and without limitation, the School District states that it has not terminated any principals in the past 5 years.

## INTERROGATORY NO. 8:

For all those schools in the past 5 years that opened for the first time for student attendance please state the following:

    a.    The name of that school,
    b.    The date it first opened for student attendance;
    c.    The name of the principal and assistant principals hired or assigned;
    d.    The dates the principals and assistant principals were first informed they were to perform the position of principal or assistant principal;
    e.    Their race;
    f.    Address and phone number.

## RESPONSE TO INTERROGATORY NO. 8:

The School District objects that this interrogatory uses language that requires a search for information that far exceeds the scope of information conceivably relevant to the claim or defense of any party asserted in this lawsuit and is therefore overbroad and unduly burdensome. This interrogatory does not request admissible evidence nor is it reasonably designed to lead to the discovery of admissible evidence.

Without waiving these objections and without limitation, the School District responds:

6

359422.1

(a)     Beginning with the opening of Liberty Elementary School, the School District has opened the following elementary schools within the past five years: (i) Liberty Elementary School; (2) Charles Reed Elementary School; (iii) Lincoln Elementary School; (iv) Eagle Point Elementary School; (v) Ridge Elementary School; and (vi) Creekside Elementary School.

(b)     (i) Liberty Elementary School opened in 2005; (2) Charles Reed Elementary School opened in 2005; (iii) Lincoln Elementary School opened in 2004; (iv) Eagle Point Elementary School opened in 2004; (v) Ridge Elementary School opened in 2004; and (vi) Creekside Elementary School opened in 2003.

(c)     (i) Lawrence Rainey was the principal of Liberty Elementary School when it opened in 2005; (2) Joan Woolwine was the principal of Charles Reed Elementary School when it opened in 2005; (iii) Peter Gluck was the principal of Lincoln Elementary School when it opened in 2004; (iv) Joanne Kratz was the principal of Eagle Point Elementary School when it opened in 2004; (v) Eileen Nelson was the principal of Ridge Elementary School when it opened in 2004; and (vi) Kevin Slattery was the principal of Creekside Elementary School when it opened in 2003.

(d)     The School District lacks sufficient information to respond to Interrogatory No. 8(d) at this time;

(e)     Except for Plaintiff, the principals listed in Response to Interrogatory No. 8(c) are caucasian; and

(f)     Joan Woolwine:

> 2110 Clublands Parkway
> Plainfield, Illinois 60544

7

359422.1

Tel: (815) 254-2160

Kevin Slattery:

13909 S. Budler Road
Plainfield, Illinois 60544
Tel: (815) 577-4700

At this time, the School District lacks sufficient information to respond to the remainder of Interrogatory No. 8(f). Investigation continues.

**INTERROGATORY NO. 9:**

Please list all of the tasks that Plaintiff was required to perform in 2005/2006 in order to open Liberty Elementary School.

**RESPONSE TO INTERROGATORY NO. 9:**

The School District objects to this interrogatory as overbroad in terms of subject matter, unduly burdensome and because it requires a search for information that exceeds the scope of information conceivably relevant to the claim or defense of any party asserted in this lawsuit. The School District objects further to Plaintiff's use of the phrase "all of the tasks" as lacking sufficient specificity to put the School District on sufficient notice of what information Plaintiff seeks.

Without waiving said objection and without limitation, the School District states that Plaintiff was required to perform those statutory duties that are delineated in Section 10-21.4a of the Illinois School Code.

**INTERROGATORY NO. 10:**

Please list all of the tasks that PCCSD 202 District office was required to perform in order to open Liberty Elementary School.

8

359422.1

## RESPONSE TO INTERROGATORY NO. 10:

The School District objects to this interrogatory as overbroad in terms of subject matter, unduly burdensome and because it requires a search for information that exceeds the scope of information conceivably relevant to the claim or defense of any party asserted in this lawsuit. This interrogatory does not request admissible evidence nor is it reasonably designed to lead to the discovery of admissible evidence. The School District objects further to Plaintiff's use of the phrase "all of the tasks" as lacking sufficient specificity to put the School District on sufficient notice of what information Plaintiff seeks.

## INTERROGATORY NO. 11:

Please list all of the tasks that Plaintiff accomplished in 2005/2006 in order to open Liberty Elementary.

## RESPONSE TO INTERROGATORY NO. 11:

The School District objects to the form of this request because it is misleading, argumentative, assumes facts which do not exist, and is deceptively worded in order to elicit an untrue response. The School District objects further to Plaintiff's use of the phrase "all of the tasks" as lacking sufficient specificity to put the School District on sufficient notice of what information Plaintiff seeks.

Without waiving these objections and without limitation, the School District responds that Plaintiff failed to perform those statutory duties as principal as required by Section 10-21.4a of the Illinois School Code.

## INTERROGATORY NO. 12:

Please list all of the tasks that the District office accomplished in 2005/2006 in order to open Liberty Elementary.

9

359422.1

## RESPONSE TO INTERROGATORY NO. 12:

The School District objects to this interrogatory as overbroad in terms of subject matter, unduly burdensome and because it requires a search for information that exceeds the scope of information conceivably relevant to the claim or defense of any party asserted in this lawsuit. This interrogatory does not request admissible evidence nor is it reasonably designed to lead to the discovery of admissible evidence. The School District objects further to Plaintiff's use of the phrase "all of the tasks" as lacking sufficient specificity to put the School District on sufficient notice of what information Plaintiff seeks.

Without waiving these objections and without limitation, the School District states that it provided support to Plaintiff by: (1) allowing Plaintiff to start work one month earlier than is customary for elementary school principals; (2) allowing Plaintiff's office staff (assistant principal and secretary) to begin their positions earlier than office staff at other elementary schools; and (3) assigned a veteran principal, Peter Gluck, to provide mentoring to Plaintiff.

## INTERROGATORY NO. 13:

Please list all of the tasks that Joan Woolwine was required to perform in order to open Charles Reed Elementary for its first year of student attendance.

## RESPONSE TO INTERROGATORY NO. 13:

The School District objects to this interrogatory as overbroad in terms of time and subject matter, unduly burdensome and because it requires a search for information that exceeds the scope of information conceivably relevant to the claim or defense of any party asserted in this lawsuit. The interrogatory does not request admissible evidence nor is it reasonably calculated to lead to the discovery of admissible evidence. The School District objects further to Plaintiff's use of the phrase "all of the tasks" as lacking sufficient specificity to put the School District on sufficient notice of what information Plaintiff seeks.

10

Without waiving said objection and without limitation, the School District states that Joan Woolwine was required to perform those statutory duties that are delineated in Section 10-21.4a of the Illinois School Code.

## INTERROGATORY NO. 14:

Please list all of the tasks that Joan Woolwine accomplished in order to open Liberty Elementary for its first year of student attendance.

## RESPONSE TO INTERROGATORY NO. 14:

The School District objects to this interrogatory as overbroad in terms of subject matter, unduly burdensome and because it requires a search for information that exceeds the scope of information conceivably relevant to the claim or defense of any party asserted in this lawsuit. The interrogatory does not request admissible evidence nor is it reasonably calculated to lead to the discovery of admissible evidence. The School District objects further to Plaintiff's use of the phrase "all of the tasks" as lacking sufficient specificity to put the School District on sufficient notice of what information Plaintiff seeks.

Without waiving these objections and without limitation, the School District states that Joan Woolwine satisfactorily performed those duties required by Section 10-21.4a of the Illinois School Code.

## INTERROGATORY NO. 15:

Please list all of the tasks that the PCCSD 202 District office accomplished in order to open Charles Reed Elementary for its first year of student attendance.

## RESPONSE TO INTERROGATORY NO. 15:

The School District objects to this interrogatory as overbroad in terms of terms of subject matter, unduly burdensome and because it uses language that requires a search for information that exceeds the scope of information conceivably relevant to the claim or defense of any party

11

asserted in this lawsuit. The interrogatory does not request admissible evidence nor is it reasonably calculated to lead to the discovery of admissible evidence. The School District objects further to Plaintiff's use of the phrase "all of the tasks" as lacking sufficient specificity to put the School District on sufficient notice of what information Plaintiff seeks.

## INTERROGATORY NO. 16:

For any witnesses that PCCSD 202 plans on using in this case, state the name, address, phone number, and state with specificity and particularity the facts and substance of their knowledge of which they will testify.

## RESPONSE TO INTERROGATORY NO. 16:

The School District directs Plaintiff to the School District's 26(a)(1) disclosures.

FOR ALL DEFENDANTS

By: _____
One of Their Attorneys

Respicio F. Vazquez
Donald Y. Yu
Franczek Sullivan P.C.
300 South Wacker Drive, Suite 3400
Chicago, Illinois 60606
(312) 986-0300
Fax: (312) 986-9192

Dated: January 4, 2008

12

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he caused a copy of the foregoing

**Defendants' Response to Plaintiff's First Set of Interrogatories** to be served upon the

following person of record by messenger delivery on this 4th day of January, 2008:

Glen R. Gaffney
Justin R. Gaffney
1771 Bloomingdale Road
Glendale Heights, IL 60139

Respicio F. Vazquez

13

359422.1

Rainey v. Plainfield Community Consolidated School District 202
Privilege Log

| Bates Range | Date | To | From | Summary | Privilege |
|---|---|---|---|---|---|
| PLAINFIELD00001 - 00003 | 11/20/2007 | Respicio Vazquez | John Harper | Spreadsheet re: document production | Work Product |
| PLAINFIELD00004 - 00006 | 11/20/2007 | Respicio Vazquez | John Harper | Spreadsheet re: document production | Work Product |
| PLAINFIELD00018 | 11/20/2007 | Respicio Vazquez | John Harper | cover sheet re: document production | Work Product |
| PLAINFIELD00323 - 00324 | | | | Draft and unsigned documents from Plaintiff's mentoring plan and (nonresponsive). | Non-Responsive |
| PLAINFIELD00505 - 00507 | | | | Outline re: major factual events in present litigation prepared for attorneys | Attorney Client Work Product |
| PLAINFIELD01550 | 11/16/2007 | Respicio Vazquez | John Harper | Spreadsheet re: openings of schools prepared for attorneys | Work Product |
| PLAINFIELD01564 | 11/16/2007 | Respicio Vazquez | John Harper | Student attendance information prepared for attorneys | Attorney Client |
| PLAINFIELD05734 - 05801 | 2/15/2006 | John Harper & BOE | Klein, Thorpe & Jenkins (law firm) | Investigation Report re: events and incidents and Liberty School | |
| PLAINFIELD07161 - 07184 | | | | Documentation regarding Anita Warmelink prepared for attorney review | Attorney Client |
| PLAINFIELD07337 - 07384 | 1/24/2005 | | | Open meeting minutes where J. Todd Faulkner speaks | Attorney Client |
| PLAINFIELD07760 - 07761 | 1/18/2006 | Diane Cooper | Chapman and Cutler | Letter from Chapman & Cutler re: Debt Certificates (non-responsive) | Attorney Client |
| PLAINFIELD07769 - 07776 | 1/18/2006 | Diane Cooper | Chapman and Cutler | Letter from Chapman & Cutler re: Debt Certificates (non-responsive) | Attorney Client |
| PLAINFIELD08225 - 08243 | 1/10/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08244 - 08251 | 1/10/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08252 - 08253 | 1/19/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08254 - 08267 | 1/24/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08268 - 08270 | 1/24/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08271 - 08276 | 2/14/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |

364531_1.XLS

1

Rainey v. Plainfield Community Consolidated School District 202
Privilege Log

| Bates Range | Date | To | From | Summary | Privilege |
|---|---|---|---|---|---|
| PLAINFIELD08277 - 08297 | 2/14/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08298 - 08307 | 2/28/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08308 - 08317 | 2/28/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08318 | 3/16/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08319 | 3/16/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08320 - 08326 | 3/21/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08327 - 08344 | 3/21/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08345 - 08355 | 4/11/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08356 - 08357 | 4/11/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08358 - 08384 | 4/20/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08385 - 08389 | 4/20/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08390 | 4/28/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08391 | 5/7/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08392 | 5/9/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08393 - 08402 | | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08403 - 08405 | 5/23/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08406 - 08424 | 5/23/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |
| PLAINFIELD08425 - 08453 | 5/24/2005 | | | Closed Session Board minutes | Attorney Client Deliberative Privilege |

364531_1.XLS

Rainey v. Plainfield Community Consolidated School District 202

Privilege Log

| Bates Range | Date | To | From | Summary | Privilege |
|---|---|---|---|---|---|
| PLAINFIELD08454 - 08464 | 6/13/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08465 - 08475 | 6/13/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08476 - 08482 | 6/27/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08483 | 6/27/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08484 - 08490 | 7/18/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08491 | 7/18/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08492 | 8/15/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08493 - 08502 | 8/15/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08503 - 08519 | 9/12/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08520 - 08526 | 9/26/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08527 - 08553 | 9/26/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08554 - 08557 | 10/11/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08558 - 08578 | 10/11/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08579 - 08582 | 10/24/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08583 - 08592 | 10/24/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08593 - 08594 | 11/7/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08595 - 08629 | 11/7/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08630 | 11/16/2005 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |

364531_1.XLS

3

Rainey v. Plainfield Community Consolidated School District 202
Privilege Log

| Bates Range | Date | To | From | Summary | Privilege |
|---|---|---|---|---|---|
| PLAINFIELD08631 - 08634 | | | | Closed Session Board minutes | Deliberative Privilege |
| | | | | | Attorney Client |
| PLAINFIELD08635 - 08657 | 11/28/2005 | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08658 - 08662 | | | | Closed Session Board minutes | Deliberative Privilege |
| | | | | | Attorney Client |
| PLAINFIELD08663 - 08699 | | | | Closed Session Board minutes | Deliberative Privilege |
| | | | | | Attorney Client |
| PLAINFIELD08700 - 08703 | 1/9/2006 | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08704 - 08726 | 1/9/2006 | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08727 | | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08728 | | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08729 - 08747 | 1/23/2006 | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08748 - 08750 | | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08751 | | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08752 | | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08811 - 08815 | | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08816 - 08824 | 2/27/2005 | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08825 - 08826 | | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08827 - 08845 | 4/13/2006 | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08846 - 08879 | | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |
| PLAINFIELD08880 - 08884 | 4/24/2006 | | | Closed Session Board minutes | Attorney Client |
| | | | | | Deliberative Privilege |

4

364531_1.XLS

Rainey v. Plainfield Community Consolidated School District 202
Privilege Log

| Bates Range | Date | To | From | Summary | Privilege |
|---|---|---|---|---|---|
| PLAINFIELD08885 - 08913 | | | | Closed Session Board minutes | Deliberative Privilege<br>Attorney Client |
| PLAINFIELD08914 - 08918 | 5/8/2006 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08919 - 08945 | 5/8/2006 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08946 - 08968 | 5/22/2006 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08969 - 08975 | 6/12/2006 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08976 - 08996 | 6/12/2006 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD08997 - 09001 | 6/26/2006 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD09002 | | | | Closed Session Board minutes | Attorney Client |
| PLAINFIELD09003 - 09007 | 7/17/2006 | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD09008 - 09019 | | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD09020 - 09033 | | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD09034 - 09064 | | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD09065 - 09080 | | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD09081 | | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD09082 - 09106 | | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD09107 - 09110 | | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD09111 - 09118 | | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD09119 - 09127 | | | | Closed Session Board minutes | Attorney Client<br>Deliberative Privilege |

364531_1.XLS

Rainey v. Plainfield Community Consolidated School District 202
Privilege Log

| Bates Range | Date | To | From | Summary | Privilege |
|---|---|---|---|---|---|
| PLAINFIELD09128 - 09133 | | | | Special Session Board minutes | Attorney Client<br>Deliberative Privilege |
| PLAINFIELD10152 - 10153 | 1/20/2006 | Respicio Vazquez | John Harper | Documents prepared in response to Plaintiff's original EEOC charge | Work Product |
| PLAINFIELD10820 | | | | Notes re: document production for attorney review | Attorney Client<br>Work Product |
| PLAINFIELD11323 - 11324 | 2/24/2006 | J. Todd Faulkner | Carmen Acevedo | Fax re: Rainey's summative evaluation | Attorney Client |
| PLAINFIELD11334 - 11339 | 2/27/2006 | | | Draft of Summative Evaluation | Attorney Client<br>Deliberative Privilege<br>Work Product |
| PLAINFIELD11385 - 11386 | 12/28/2005 | | | Notes of meeting with Todd Faulkner re: Rainey | Attorney Client |
| PLAINFIELD11436 - 11437 | 1/19/2006 | John Harper | Carmen Acevedo, Mark Heiss, Larie Godinez | E-mail from Harper with potential handwritten attorney notes | Attorney Client |
| PLAINFIELD11438 - 11439 | 1/20/2006 | Respicio Vazquez | John Harper | Documents prepared in response to Plaintiff's original EEOC charge | Attorney Client<br>Work Product |
| PLAINFIELD11447 - 11448 | 2/1/2006 | Liberty Elementary parents | Plaintiff | Advertisement with potential handwritten attorney notes | Work Product<br>Attorney Client |
| PLAINFIELD11450 | 2/2/2006 | Liberty Elementary parents | John Harper | Draft of letter with potential handwritten attorney notes re: temporary reassignment of Plaintiff | Attorney Client<br>Work Product |
| PLAINFIELD11451 - 11458 | 2/27/2006 | | | Outline re: Rainey's comments to the Board for attorney review | Attorney Client<br>Deliberative Privilege<br>Work Product |

364531_1.XLS