## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DR. LAWRENCE RAINEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  07 C 3566 |
| | ) | |
| vs. | ) | Judge William Hart |
| | ) | |
| PLAINFIELD COMMUNITY | ) | Magistrate Judge Schenkier |
| CONSOLIDATED SCHOOL DISTRICT | ) | |
| #202; JOHN HARPER in his individual | ) | |
| capacity; and the Members of the Board of | ) | |
| Education for Plainfield Community | ) | |
| Consolidated School District #202 in their | ) | |
| individual capacities including MICHAEL | ) | |
| KELLY, LINDA JOHNSON, | ) | |
| MICHAEL ROGER BONUCHI, | ) | |
| RICHARD FRIDDLE, | ) | |
| RONALD KAZMAR, ROD WESTFALL | ) | |
| and VICTORIA EGGERSTEDT, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

In further supplementation of their Fed. R. Civ. P. 26(a)(1) initial disclosures, and pursuant to Fed. R. Civ. P. 34, Defendants Plainfield Community Consolidated School District No. 202, Superintendent John Harper, individual members of the Board of Education, Michael Kelly, Linda Johnson, Michael Roger Bonuchi, Richard Friddle, Ronald Kazmar, Rod Westfall and Victoria Eggerstedt (collectively, the "Defendants") respond as follows to the First Request for Production of Documents propounded by Plaintiff Lawrence Rainey ("Plaintiff").

Please take notice that the inadvertent production of any material that may be privileged or subject to work product protections shall not constitute a waiver of any applicable privilege.

Nor shall the production or disclosure of any document or evidence in response hereto be deemed a waiver of the right to interpose any applicable objection at any time, including without limitation objections such as competency, relevancy, or materiality.

## GENERAL OBJECTIONS

Defendants object to Plaintiff's First Request for Production of Documents to the extent that it seeks some information which is protected by the attorney-client, attorney work product and/or deliberative process privileges. All responses below are made subject to and notwithstanding the foregoing objection.

Moreover, Defendants object to Plaintiff's First Request for Production of Documents to the extent that it seeks documentation regarding "assistant principals" employed by Defendants on the grounds that such information is entirely unrelated to the present litigation. All responses below regarding Plaintiff's requests for information regarding "assistant principals" are made subject to and notwithstanding the foregoing objection.

Finally, Defendants' investigation of this matter is continuing and all answers are given without prejudice to the right to supplement or amend the responses based on information discovered after the date hereof.

## RESPONSES

1. Any and all documents that any person, including but not limited to any PCCSD board member named in the complaint, reviewed or relied upon in making the decision to not renew Plaintiff's contract for the 2006/2007 school year.

**ANSWER:** Defendants object to Request No. 1 to the extent that it seeks confidential documents that are not subject to disclosure pursuant to the Open Meetings Act, 5 ILCS 120/2.06(e). Without waiving this objection and responding subject to them, Defendants state they have no additional responsive documents.

2

2.      Documents which tend to support and evidence the fact that "Dr. Rainey had failed to achieve the two goals he selected for the evaluative period" as stated on page 34 of PCCSD 202's July 7, 2006 position statement to the EEOC.

**ANSWER:**    The Defendants object to this request as unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Requests No. 85 and 86, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said object, and responding subject to it, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request for Production of Documents Requests No. 85 and 86.

3.      At any time, the personnel file for any principal or assistant principal who was black/African American and was employed by PCCSD 202.

**ANSWER:**    Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state they have no additional documents to produce.

4.      Documents which identify the respective date(s) when all of the following schools were opened for the first time for student attendance:

**Elementary School:**
a.      Central
b.      Charles Reed
c.      Creekside
d.      Crystal Lawns
e.      Eagle Pointe
f.      Freedom
g.      Grand Prairie
h.      Lakewood Falls
i.      Liberty
j.      Lincoln
k.      Meadow View
l.      Ridge
m.      River View
n.      Thomas Jefferson
o.      Walker's Grove
p.      Wesmere

3

367852.1

**Middle School:**
q.    Aux Sable
r.    Drauden Point
s.    Heritage Grove
t.    Indian Trail
u.    Ira Jones
v.    John F. Kennedy
w.    Timber Ridge

**High Schools:**
x.    Plainfield Central Campus
y.    Plainfield East
z.    Plainfield North
aa.   Plainfield South

**ANSWER:** Defendants object to this request on the grounds that it is overly broad,

unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence to

the extent it seeks documents that are entirely unrelated to the present litigation and is

propounded primarily to unreasonably drive up the cost and burden of litigation.

5.    For the first school year that the schools named in #4 were opened for student
attendance, documents which identify the name of the person and date(s) of hire or the date(s) of
assignment, for the principal and all assistant principals of those schools. This request is limited
to those schools that opened for the first time in the past 5 years.

**ANSWER:** Defendants object to this request on the grounds that it is overly broad,

unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence to

the extent it seeks document unrelated to the present litigation and is propounded to drive up the

cost and burden of litigation. Subject to and without waiving these objections, Defendants state

they have no additional documents to produce.

6.    Documents which identify any school opening problems (i.e. didn't open on time,
didn't have all of the required textbooks, didn't have permanent teachers, didn't have a copy
machine, didn't have teacher desks etc.) that any of the schools identified above in #4 had in
opening for the first time for student attendance. This request is limited to those schools that
opened for the first time in the past 5 years.

**ANSWER:** Defendants object to this request on the grounds that it is overly broad,

4

unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

7. Documents which identify District office support or assistance provided to any school that opening problems during its first year of student attendance for those schools identified above in #4. This request is limited to those schools that opened for the first time in the past 5 years.

**ANSWER:** Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, documents responsive to Request No. 7 are attached hereto and labeled Bates Nos. Plainfield 17017-27883.

8. Documents which identify any complaints made by anyone including but not limited to any student's parent, teachers, administration, school board members, PCCSD 202 employees, regarding any school opening problems that any of the schools identified above in #4 had in opening for the first time for student attendance. This request is limited to those schools that opened for the first time in the past 5 years.

**ANSWER:** The Defendants object to the Plaintiff's use in Request No. 8 of the phrases "any complaints" and "problems" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover. Further, Defendants object to this request on the grounds that Request No. 8 is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and is propounded primarily to drive up the costs and burdens of litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

9. Documents which identify any assistance that any of the schools identified above in #4 received at the "District-level" in opening the school for the first time for student

367852.1

attendance. This request is limited to those schools that opened for the first time in the past 5 years.

**ANSWER:**   The Defendants object to the Plaintiff's use in Request No. 9 of the phrases "any assistance" and "District-level" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover.   Moreover, Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation.   Defendants object further to this request as unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Request Nos. 36(d) 46 and 62, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.   Without waiving these objections, and responding subject to them, documents responsive to Request No. 9 are attached hereto and labeled Bates Nos. Plainfield 17017-27883.   Defendants also direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request for Production of Documents Request Nos. 36(d), 46 and 62.

10.    Documents which identify any "Building-level" activity that each Building accomplished in order to open the schools identified above in #4 for the first time for student attendance. This request is limited to those schools that opened for the first time in the past 5 years.

**ANSWER:**   The Defendants object to the Plaintiff's use in Request No. 10 of the phrases "Building-level," "activity" and "accomplished" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover. Moreover, Defendants object further to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Defendants object further to this request as unnecessarily duplicative of Plaintiff's Second Request for Production

6

of Documents Request Nos. 36(d) 46 and 62, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, documents responsive to Request No. 10 are attached hereto and labeled Bates Nos. Plainfield 17017-27883. Defendants also direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request for Production of Documents Request Nos. 36(d), 46 and 62.

11. Documents which identify any "orders" that the District office placed for Liberty as stated on page 3 of PCCSD 202's March 6, 2006 position statement to the EEOC.

**ANSWER:** Defendants object to this request as unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Request Nos. 63-64, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request for Production of Documents Request Nos. 63-64.

12. Documents which identify any "orders" that the District office placed for any of the schools identified above in #4 during the first year that school was opened for student attendance. This request is limited to those schools that opened for the first time in the past 5 years.

**ANSWER:** Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, documents responsive to Request No. 12 are attached hereto and labeled Bates Nos. Plainfield 17017-27883.

7

13.     Documents which identify that the "District office provided resources (including the supply template) concerning the materials that were required for each grade-level and subject area for all elementary buildings" as stated on page 3 of PCCSD 202's March 6, 2006 position statement to the EEOC; this request is limited to any school that opened for the first time in 2005, 2006, or 2007 and includes but is not limited to the "supply template").

**ANSWER:**     Defendants object to this request as unnecessarily duplicative of Plaintiff's

Second Request for Production of Documents Request Nos. 63-64, and therefore unduly

burdensome and, apparently, propounded for no reason other than to unreasonably drive up the

cost and burden of litigation. Without waiving these objections, and responding subject to them,

documents responsive to Request No. 13 are attached hereto and labeled Bates Nos. Plainfield

17017-27883.     Defendants also direct Plaintiff to Defendants' supplemental responses to

Plaintiff's Second Request for Production of Documents Request Nos. 63-64.

14.     Any document which tends to show or tends to support the contention that the District "provided support and assistance to Dr. Rainey and his staff in ordering materials and - equipment" as stated in on page 3 of PCCSD 202's March 6, 2006 position statement to the EEOC.

**ANSWER:**     Defendants object to this request as unnecessarily duplicative of Plaintiff's

Second Request for Production of Documents Request Nos. 63-64, and therefore unduly

burdensome and, apparently, propounded for no reason other than to unreasonably drive up the

cost and burden of litigation. Without waiving these objections, and responding subject to them,

Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request

for Production of Documents Request Nos. 63-64.

15.     Documents which identify the number of students that attended Liberty Elementary School during 2005/2006.

**ANSWER:**     Defendants state they have no additional documents to produce.

16.     Documents which reflect or identify any "welcoming messages, tours, or introductions" that PCCSD 202 made to anyone on behalf of Plaintiff in 2005.

**ANSWER:**     Defendants object to this request on the grounds that it is not reasonably

8

calculated to lead to the discovery of admissible evidence to the extent it seeks documents entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants state they have no additional documents to produce.

17.    In the past 5 years, documents which reflect or identify any "welcoming messages, tours, or introductions" that PCCSD 202 made to anyone on behalf of any principal of PCCSD 202.

**ANSWER:**    Defendants object to this request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and is propounded primarily to drive up the costs and burdens of litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

18.    Documents which identify the date in 2005 when Plaintiff was first given the ability to enter and access the Liberty School "office portion" of the building.

**ANSWER:**    Defendants state that they have no responsive documents.

19.    Documents which identify the date in 2005 when Plaintiff was first given the ability to enter and access the entire Liberty School building.

**ANSWER:**    Defendants object to this request as unnecessarily duplicative of Request No. 69, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental response to Request No. 69.

20.    Documents which identify the date in 2005 that the teachers were first allowed to access the Liberty School building.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Request No. 69, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these

9

objections, and responding subject to them, Defendants direct Plaintiff to Defendants'
supplemental response to Request No. 69.

21.     Documents which identify the date in 2005 that Liberty School held its first "open
house."

**ANSWER:**     Defendants object to this request as being unnecessarily duplicative of
Request No. 69, and therefore unduly burdensome and, apparently, propounded for no reason
other than to unreasonably drive up the cost and burden of litigation. Without waiving these
objections, and responding subject to them, Defendants direct Plaintiff to Defendants'
supplemental response to Request No. 69.

22.     Documents which identify the dates in August 2005 that the Liberty School
teachers were away from the Liberty School building for training.

**ANSWER:**     The Defendants object to the Plaintiff's use in Request No. 22 of the
phrase "were away from the Liberty School building for training" as too vague, ambiguous and
undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to
discover. Subject to and without waiving these objections, Defendants state they have no
additional documents.

23.     Documents which identify the date in 2005 when the "building team" for Liberty
School was created and established.

**ANSWER:**     Defendants object to the Plaintiff's use in Request No. 23 of the phrase
"building team" as too vague, ambiguous and undefined to put the Defendants on sufficient
notice of what documents Plaintiff seeks to discover. Without waiving any of these objections
and responding subject to them, Documents responsive to Request No. 23 are attached hereto
and labeled Bates Nos. Plainfield 28175-28179.

24.     In 2005, documents which identify or reflect any discussion or communication
between any member of the Liberty School "building team."

**ANSWER:**     Defendants object to the Plaintiff's use in Request No. 24 of the phrases

10

367852.1

"'building team,'" and "any discussion or communication" as too vague, ambiguous and undefined to put Defendants on sufficient notice of what documents Plaintiff seeks to discover. Moreover, Defendants object to this request on the grounds that the request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the litigation and is propounded primarily to drive up the costs and burdens of litigation. Defendants object further to this request as being unnecessarily duplicative of Request No. 69, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental response to Request No. 69.

25.     Documents including but not limited to all policies, procedures, contracts, handbooks, etc. which identifies any process or procedure that Plaintiff was required to follow in order to open Liberty Elementary School for student attendance in 2005.

**ANSWER:**     The Defendants object to the Plaintiff's use in Request No. 25 of the phrase "process or procedure" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover. Defendants object further to this request as being unnecessarily duplicative of Request No. 69, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental response to Request No. 69.

26.     Documents including but not limited to all policies, procedures, contracts, handbooks, etc. which identifies all of the particular duties and responsibilities that the "District-level" was responsible to coordinate, provide, and have ready for the opening of Liberty Elementary School for student attendance in 2005.

**ANSWER:**     Defendants object to the Plaintiff's use in Request No. 26 of the phrases "'District-level'" and "coordinate, provide, and have ready" as too vague, ambiguous and

11

undefined to put Defendants on sufficient notice of what documents Plaintiff seeks to discover. Defendants object further on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants object further to this request as being unnecessarily duplicative of Request No. 69, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental response to Request No. 69.

27.    Documents including but not limited to all policies, procedures, contracts, handbooks, etc. which identifies all of the particular duties and responsibilities that Plaintiff was responsible to coordinate, provide, and have ready for the opening of Liberty Elementary School for student attendance in 2005.

**ANSWER:**    The Defendants object to this request as unnecessarily duplicative of Plaintiff's Requests No. 25 and 26 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Defendants object further to this request as being unnecessarily duplicative of Request No. 69, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental response to Request No. 69.

28.    Documents which identify the date(s) in 2005 when all of the teacher desks were delivered for use to Liberty Elementary School.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Request Nos. 63-64, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second

12

Request for Production of Documents Request Nos. 63-64.

29.     Documents which identify the date in 2005 when a copy machine was first delivered for use at Liberty Elementary School.

**ANSWER:**  Defendants object to this request as being unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Request Nos. 63-64, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.  Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request for Production of Documents Request Nos. 63-64.

30.     Documents which identify in 2005 any parent donations or other contributions to Liberty Elementary School for photocopying costs and photocopying services.

**ANSWER:**  The Defendants object to the Plaintiff's use in Request No. 30 of the phrase "other contributions" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover.  Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents entirely unrelated to the litigation.  Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

31.     Documents which identify the date in 2005 when the "MEDIA CENTER" was first opened and available to the students at Liberty Elementary School.

**ANSWER:**  Documents responsive to Request No. 31 are attached hereto and labeled Bates Nos. Plainfield 28041-28043.

32.     Documents which identify the date in 2005 when the playground at Liberty Elementary School was first made available for the students to use.

**ANSWER:**  Defendants object to this request as being unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Request Nos. 63-64, and therefore

13

unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request for Production of Documents Request Nos. 63-64.

33.    Documents which identify the date(s) in 2005 when all of the textbooks were ordered for use at Liberty Elementary School.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Request Nos. 63-64, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request for Production of Documents Request Nos. 63-64.

34.    Documents which identify the date(s) in 2005 when all of the textbooks arrived for use at Liberty Elementary School.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Request Nos. 63-64, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request for Production of Documents Request Nos. 63-64.

35.    Documents which identify the date(s) when all of the teaching positions for school year 2005/2006 at Liberty Elementary School were filled.

**ANSWER:**    Defendants object to this request on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendants state they have no

14

additional documents.

36.     Documents which identify the date(s) when all of the administration positions for school year 2005/2006 at Liberty Elementary School were filled.

**ANSWER:**     Defendants object to this request on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents that are entirely unrelated to the present litigation. The Defendants object to this request as unnecessarily duplicative of Plaintiff's Requests No. 25 and 26 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Defendants object further to this request as being unnecessarily duplicative of Plaintiff's Request No. 69, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental response to Plaintiff's Request No. 69.

37.     Documents which identify the, date(s) when all of the support staff positions for school year 2005/2006 at Liberty Elementary School were filled.

**ANSWER:**     Defendants object to this request on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents that are entirely unrelated to the present litigation. Subject to and without waiving these objections, documents responsive to Request No. 37 are attached hereto and labeled Bates Nos. Plainfield 28047-28053, 28204.

38.     Documents which identify the date(s) of any new hires for any staff member (not including substitutes) who worked at Liberty School during the 2005/2006 school year.

**ANSWER:**     Defendants object to this request on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks documents that are entirely unrelated to the present litigation.

15

Subject to and without waiving these objections, documents responsive to Request No. 38 are attached hereto and labeled Bates Nos. Plainfield 27891-27927, 27933-27936, 27941-27947, 27952-27953, 27956-27963, 27978-27981, 27995-28004, 28008-28009, 28012-28013, 28022-28023, 28030-28031, 28035-28036, 28044-28046, 28062-28063, 28070-28071, 28074-28076, 28079-28080, 28102-28109, 28137-28139, 28164-28165, 46115-46121, 46126-46130, 46196-46210, 46232-46242.

39.    Documents which identify the date (s) of acceptance of reassignment by any staff member who was reassigned from another school in PCCSD 202 (not including substitutes) to work at Liberty School during the 2005/2006 school year.

**ANSWER:**    Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. The Defendants object to this request as unnecessarily duplicative of Plaintiff's Requests No. 25 and 26 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Defendants object further to this request as being unnecessarily duplicative of Request No. 69, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.    Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental response to Request No. 69.

40.    Plaintiff's personnel file.

**ANSWER:**    Defendants state they have no additional documents.

41.    The personnel file for Dr. John Harper

**ANSWER:**    Defendants object to this request on the grounds that it seeks documents entirely unrelated to the present litigation.    Subject to and without waiving these objections, Defendants state they have no additional documents.

16

42.     The personnel files for Pete Pasteris, Joan Woolwine, Kevin Slattery, and Linda Dileo, and Peter Gluck.

**ANSWER:**     Defendants state they have no additional documents.

43.     Any complaint of discrimination from Plaintiff that was received by any employee of PCCSD 202 or board member of PCCSD 202.

**ANSWER:**     Defendants object to the Plaintiff's use in Request No. 43 of the phrase "any complaint of discrimination" as too vague, ambiguous and undefined to put Defendants on sufficient notice of what documents Plaintiff seeks to discover.  Without waiving this objection and responding subject to it, Documents responsive to Request No. 43 are attached hereto and labeled Bates Nos. Plainfield 28185-28203, 28205.

44.     Any complaints by any principal or assistant principal of PCCSD 202 of race discrimination, retaliation for complaining about race discrimination, Section 1983, or Section 1981, either formally to any Illinois or Federal Court, any administrative agency filing, or PCCSD 202 internal intake process, or informally made to any "Nondiscrimination complaint managers" at PCCSD 202; this request is limited to tie time frame of those years for which Dr. John Harper maintained the position of Superintendent or Assistant Superintendent of PCCSD 202.

**ANSWER:**     Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents entirely unrelated to the present litigation.  Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

45.     The personnel file of any principal or assistant principal whose contract was not renewed by PCCSD 202; this request is limited to the time frame of those years for which Dr. John Harper maintained the position of Superintendent or Assistant Superintendent of PCCSD 202.

**ANSWER:**     Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation.

367852.1

Subject to and without waiving these objections, Defendants state they have no responsive documents.

46.     The personnel file of any principal or assistant principal who was reassigned during the school year to perform their job duties from a location other than the building in which they were holding the position as principal or assistant principal; this request is limited to the time frame of those years for which Dr. John Harper maintained the position of Superintendent or Assistant Superintendent of PCCSD 202.

**ANSWER:**     Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants state they have no responsive documents.

47.     The personnel file of any principal or assistant principal who was prohibited by PCCSD 202 during the school year from physically being present on school grounds while that person was still holding the position as principal or assistant principal for that school; this request is limited to the time frame of those years for which Dr. John Harper maintained the position of Superintendent or Assistant Superintendent of PCCSD 202.

**ANSWER:**     Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

48.     The personnel file of any person who transferred for any reason from a position of principal or assistant principal to a teaching position during the school year or the following school year; this request is limited to the time frame of those years for which Dr. John Harper maintained the position of Superintendent or Assistant Superintendent of PCCSD 202.

**ANSWER:**     Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants state they have no additional

18

367852.1

responsive documents.

49.    Documents which reflect all open and available teaching and administrative positions within PCCSD 202 between the months of January 2006 and January 2007.

**ANSWER:**    Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants state they have no additional responsive documents.

50.    Any document that identifies or reflects any discipline related issues for Plaintiff at anytime.

**ANSWER:**    The Defendants object to the Plaintiff's use in Request No. 50 of the phrase "any discipline related issues" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

51.    Any document that identifies or reflects any performance related issues for Plaintiff at any time.

**ANSWER:**    Defendants object to the Plaintiff's use in Request No. 51 of the phrase "any performance related issues" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover. Defendants object further to this request as being unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Request Nos. 85-86, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental response to Plaintiff's Second Request for Production of Documents

19

367852.1

Request Nos. 85-86.

52. All performance related documents, evaluations or otherwise, whether formal or informal, for Plaintiff at any time.

**ANSWER:** Defendants object to this request as unnecessarily duplicative of Plaintiff's Request No. 51 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving any of these objections and responding subject to them, Documents responsive to Request No. 52 are attached hereto and labeled Bates Nos. Plainfield 28166-28174.

53. In the past 5 years, any document that identifies or reflects any discipline related issues for any principal or assistant principal of PCCSD.

**ANSWER:** Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation.

54. In the past 5 years, any document that identifies or reflects any performance related issues for any principal or assistant principal of PCCSD.

**ANSWER:** Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Defendants object further to this request as being unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Request Nos. 85-86, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request for Production of Documents Request Nos. 85-86.

367852.1

55. In the past 5 years, any performance related documents, evaluations or otherwise, whether formal or informal, for any principal or assistant principal of PCCSD.

**ANSWER:** Defendants object to this request as unnecessarily duplicative of Plaintiff's Request No. 54 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.

56. In the past 5 years, all documents, including but not limited to notes, emails, communications, and letters which identify any media coverage or reported story related in any manner to a principal or assistant principal of PCCSD, this request includes but is not limited to the media report itself.

**ANSWER:** Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents entirely unrelated to the present litigation. Subject to and without waiving these objections, Documents responsive to Request No. 56 are attached hereto and labeled Bates Nos. Plainfield No. 28056-28057, 28060-28061, 28110-28111, 28115, 28124-28125, 46108-46109, 46112-46114

57. In the past 5 years, the personnel file for any principal or assistant principal who had a story reported in the media about him/her provided that the story was related to PCCSD 202 affairs.

**ANSWER:** Defendants object to this request as unnecessarily duplicative of Plaintiff's Requests above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving this objection and responding subject to them, Defendants state they have no responsive documents.

58. Documents which tend to show that as of August 29, 2005 Plaintiff was "lacking in visibility."

**ANSWER:** Defendants object to this request as unnecessarily duplicative of Plaintiff's Requests Nos. 50-52, 60 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Defendants

21

367852.1

object further to this request as being unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Request Nos. 85-86, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request for Production of Documents Request Nos. 85-86.

59.    Documents which identify the "mentoring plan" that was provided to Plaintiff on or about August 29, 2005.

**ANSWER:**    Defendants object to this request as unnecessarily duplicative of Plaintiff's Requests Nos. 50-52, 58 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving any of these objections and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Requests Nos. 50-52 and 58.

60.    All documents that were reviewed or relied upon in order to make the decision to put Plaintiff on a mentoring plan on or about August 29, 2005.

**ANSWER:**    Defendants object to this request as unnecessarily duplicative of Plaintiff's Request Nos. 50-2, 58-9 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving any of these objections and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Requests Nos. 50-52 and 58-9.

61.    Any "mentoring plan" that has been provided to any principal or assistant principal; this request is limited to the time frame of those years for which Dr. John Harper maintained the position of Superintendent or Assistant Superintendent of PCCSD 202.

**ANSWER:**    Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents entirely unrelated to the present litigation. Without waiving any of these objections and

22

responding subject to them, Defendants state that they have no responsive documents.

62.     From 2005 to the present, any complaints made by Plaintiff, students, teachers, or any student's parent regarding Anita Warmelink.

**ANSWER:**     Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents entirely unrelated to the present litigation. Defendants further object to this request as unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Requests No. 6, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said object, and responding subject to it, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request for Production of Documents Requests No. 6.

63.     Any voice mail recordings or any other recordings of any communications between Plaintiff and any PCCSD 202 employee at any time, including but not limited to Katie Beck's voice mail.

**ANSWER:**     The Defendants object to the Plaintiff's use in Request No. 63 of the phrase "any voice mail recordings or any other recordings of any communications between Plaintiff and any PCCSD 202 employee at any time" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what recordings Plaintiff seeks to discover. Moreover, Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to seek recordings that would be entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants states that it has no responsive recordings.

64.     Any voice mail recordings or any other recordings of any meetings or communications, including but not limited to transcripts, between Plaintiff and any PCCSD 202 board member at any time.

**ANSWER:**     Defendants object to the Plaintiff's use in Request No. 64 of the phrases "any voice mail recordings or any other recordings of any meetings or communications ... between Plaintiff and any PCCSD 202 board member at any time" as too vague, ambiguous and undefined to put Defendants on sufficient notice of what recordings Plaintiff seeks to discover. Moreover, Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to seek recordings that would be entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants state that they have no responsive recordings or transcripts.

65.     Any documents, or notes taken, or calendar entries, or journal entries, or diary entries which refer to, document or reflect any meetings between Plaintiff and any PCCSD employee or board member at any time.

**ANSWER:**     Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

66.     In the past 5 years, any and all communications to or from any member of the EMBRACE organization and any PCCSD 202 employee or school board member.

**ANSWER:**     Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have

24

no responsive documents.

67.    All documents, notes, letters, emails, or communications from any PCCSD 202 employee regarding the November 2005 EMBRACE meeting with PCCSD 202 employees.

**ANSWER:**    Defendants object to this request as unnecessarily duplicative of Plaintiff's Request No. 66 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.

68.    Any and all communications to or from any student's parent and any PCCSD 202 employee or school board member which is in regards to or discusses Plaintiff in any manner for any reason.

**ANSWER:**    The Defendants object to the Plaintiff's use in Request No. 64 of the phrases "any and all communications" and "in any manner for any reason" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what recordings Plaintiff seeks to discover. Moreover, Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Documents responsive to Request No. 68 are attached hereto and labeled Bates Nos. Plainfield 28208-28276, 28277-28339, 36533-36535, 36544-36548, 36609-36617, 36620-36623, 36632-36634, 36637-36822, 36823-37509, 37510-37712, 37713-38207, 39140-39224, 45528-45539.

69.    Any document, communication, letter, email, or discussion to or from any PCCSD 202 employee or school board member and Plaintiff.

**ANSWER:**    Defendants object to this request as unnecessarily duplicative of Plaintiff's Requests Nos. 63-5 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving any of these objections and responding subject to them, Documents responsive to Request No. 69 are attached hereto and labeled Bates Nos. Plainfield 28081-28082, 28208-28276, 28277-28339,

25

28340-28351, 36549-36550, 36584-36590, 36637-36822, 36823-37509, 37510-37712, 37713-38207, 38566-38657, 39225-40676, 42824-43098, 45528-45539, 46092-46107, 46137-46200, 46211-46231, 46243-46381, 46830-47253.

70.     Any document, communication, letter, email, or discussion between any PCCSD 202 employees which is in regards to or discuss Plaintiff in any manner for any reason.

**ANSWER:**     Defendants object to this request as unnecessarily duplicative of Plaintiff's Requests Nos. 24, 43, 50-2, 58-9, 60, 62-9 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.  Moreover, Defendants also object to this request on the grounds that it is vague, overbroad and overly burdensome.  Without waiving any of these objections and responding subject to them, documents responsive to Request No. 70 are attached hereto and labeled Bates Nos. Plainfield 28208-28276, 28277-28339, 28340-28351, 28442-28515, 36513-36514, 36517-36532, 36536-36543, 36551-36571, 36591-36606, 36609-36617, 36637-36822, 36823-37509, 37510-37712, 37713-38207, 45528-45539, 47254-47303.

71.     Any document, communication, letter, email, or discussion, to or from any PCCSD school board member which is in regards to or discuss Plaintiff in any manner for any reason.

**ANSWER:**     Defendants object to this request as unnecessarily duplicative of Plaintiff's Requests Nos. 24, 43, 50-2, 58-9, 60, 62-70 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.  Moreover, Defendants also object to this request on the grounds that it is vague, overbroad and overly burdensome.  Without waiving any of these objections and responding subject to them, documents responsive to Request No. 71 are attached hereto and labeled Bates Nos. Plainfield 28208-28276, 28442-28515, 36551-36571, 36637-36822, 36823-37509, 37510-37712, 37713-38207, 45528-45539, 29798-29805, 46819-46828.

72.    Documents reflecting the salary and benefits available to Plaintiff during his 2005/2006 tenure, including but not limited to any insurance benefits, the premiums Plaintiff was paying for those insurance benefits, TRS contributions, and disability benefits.

**ANSWER:**    Defendants state they have no additional responsive documents.

73.    Documents reflecting the salary and benefits available to any employee that held Plaintiff's position from the date his contract was not renewed through the present date and updated through the date of trial.

**ANSWER:**    Defendants state they have no additional responsive documents.

74.    The personnel file of all employees that assumed Plaintiff's position from the date he was reassigned in 2006 through the present date and updated through the date of trial.

**ANSWER:**    Defendants state they have no additional responsive documents.

75.    All PCCSD 202 policies, procedures, contracts, handbooks, etc. which identify a code of conduct that Plaintiff was required to follow during his tenure.

**ANSWER:**    Defendants object to the Plaintiff's use in Request No. 75 of the phrase "code of conduct" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover. Subject to and without waiving these objections, Defendants state they have no additional responsive documents.

76.    All documents, State of Illinois laws or regulations, and PCCSD 202 policies, procedures, contracts, handbooks etc. (as specifically stated in Plaintiff's 11 Month Administrator's Contract) which identify Plaintiff's job duties and responsibilities during his tenure.

**ANSWER:**    Defendants object to this request as being duplicative of Plaintiff's Requests Nos. 25 and 27 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Moreover, the State of Illinois laws and/or regulations regarding public school principals speak for themselves. Without waiving this objection and responding subject to them, Defendants state they have no additional responsive documents.

27

77.     All documents, PCCSD 202 policies, procedures, contracts, handbooks etc. which identify Plaintiff's performance requirements during his tenure.

**ANSWER:**     Defendants object to this request as being duplicative of Plaintiff's Requests Nos. 25, 27 and 76 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving this objection and responding subject to them, Defendants state they have no additional responsive documents.

78.     All documents, PCCSD 202 policies, procedures, contracts, handbooks etc. which identify any steps or processes that PCCSD 202 was required to take prior to reaching the final decision to not renew Plaintiff's contract.

**ANSWER:**     Defendants object to this request as being duplicative of Plaintiff's Requests Nos. 1 and 45 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving this objection and responding subject to them, Defendants state they have no additional responsive documents.

79.     A copy of PCCSD 202 ADMINISTRATIVE EVALUATION PLAN that was applicable to Plaintiff during his tenure.

**ANSWER:**     Defendants state they have no additional responsive documents.

80.     A fully executed copy of the 11 Month Administrator's Contract between Plaintiff and PCCSD 202.

**ANSWER:**     Defendants object to this request as being duplicative of Plaintiff's Requests Nos. 40 and 77 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Defendants state they have no additional responsive documents.

81.     Any and all newspaper articles or media reports related to Plaintiff in any regards.

**ANSWER:**     The Defendants object to the Plaintiff's use in Request No. 81 of the

28

phrase "in any regards" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover. Further, Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it may seek newspaper articles or media reports regarding Plaintiff before Plaintiff was employed by Defendants. Finally, Defendants object to this request as being duplicative of Plaintiff's Requests No. 56 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.

82.     All PCCSD school board meeting minutes that relate in any manner to Plaintiff.

**ANSWER:**     Defendants object to Plaintiff's request for minutes of any closed meeting sessions as such documents are confidential and not subject to disclosure. Pursuant to the Open Meetings Act, 5 ILCS 120/2.06(e), documents related to closed meeting sessions are confidential and not subject to disclosure. Moreover, minutes of closed meetings are not available to the public unless the District determines that it is no longer necessary to protect the public interest or the privacy of an individual by keeping the minutes confidential. Defendants have made no such determination with respect to the closed meeting minutes Plaintiff requests and therefore decline to produce them.

83.     All documents, notes, letters, journal entries, transcripts, etc. which documents PCCSD 202 board member closed or open session discussions which relate to Plaintiff in any manner.

**ANSWER:**     Defendants object to this request as being duplicative of Plaintiff's Request No. 82 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Pursuant to the Open Meetings Act, 5 ILCS 120/2.06(e), documents related to closed meeting sessions are confidential and not subject to disclosure. Moreover, minutes of closed meetings are not

367852.1

available to the public unless the District determines that it is no longer necessary to protect the public interest or the privacy of an individual by keeping the minutes confidential. Defendants have made no such determination with respect to the closed meeting minutes Plaintiff requests and therefore decline to produce them.

84.    Any documents, notes, letters, journal entries, transcripts, etc. which document the hearings that Plaintiff had before the PCCSD 202 board members.

**ANSWER:**  Defendants object to this request as being duplicative of Plaintiff's Requests Nos. 43, 64-6, 68-9, 71, 82-3 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Moreover, to the extent Request No. 84 seeks documents relating to closed meeting sessions, such documents are confidential and not subject to disclosure pursuant to the Open Meetings Act, 5 ILCS 120/2.06(e). Minutes of closed meetings are not available to the public unless the District determines that it is no longer necessary to protect the public interest or the privacy of an individual by keeping the minutes confidential. Defendants have made no such determination with respect to the closed meeting minutes Plaintiff requests and therefore decline to produce them.

85.    Any documents, notes, letter, journal entries, transcripts, etc. which document the PCCSD 202 board members decisions regarding the issues that were presented by Plaintiff at any of his hearings before the PCCSD202 board members.

**ANSWER:**  Defendants object to this request as being duplicative of Plaintiff's Requests Nos. 43, 64-6, 68-9, 71, 82-4 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Moreover, to the extent Request No. 85 seeks documents relating to closed meeting sessions, such documents are confidential and not subject to disclosure pursuant to the Open Meetings Act, 5 ILCS 120/2.06(e). Without waiving this objection and responding subject to them,

367852.1

Defendants state they have no responsive documents.

86.     Documents which tend to show or were relied upon to support the contention that "You were employed under the standard 11-month Principal's Contract, but with an additional nineteen employment days to assist in the opening of Liberty" as stated in 1 (a) of Michael Kelly's February 14, 2006 memo to Plaintiff. This request includes but is not limited to documents reflecting board approval for the "additional nineteen employment days."

**ANSWER:**     Defendants object to this request as being duplicative of Plaintiff's

Requests Nos. 40, 43, 64-6, 68-9, 71, 82-5 above, and therefore unduly burdensome and,

apparently, propounded for no reason other than to unreasonably drive up the cost and burden of

litigation.  Moreover, to the extent Request No. 86 seeks documents that are related to closed

meeting sessions, such documents are confidential and not subject to disclosure pursuant to the

Open Meetings Act, 5 ILCS 120/2.06(e).  Without waiving this objection and responding subject

to them, Defendants state they have no additional responsive documents.

87.     Documents which tend to show or were reviewed or relied upon to support the contention that "You were the first and only elementary school principal to be provided with this benefit as far as the Board can recall" as stated in 1 (c) of Michael Kelly's February 14, 2006 memo to Plaintiff.

**ANSWER:**     Defendants object to this request as being duplicative of Plaintiff's

Requests Nos. 43, 64-6, 68-9, 71, 82-6 above, and therefore unduly burdensome and, apparently,

propounded for no reason other than to unreasonably drive up the cost and burden of litigation.

Moreover, to the extent Request No. 87 seeks documents that are related to closed meeting

sessions, such documents are confidential and not subject to disclosure pursuant to the Open

Meetings Act, 5 ILCS 120/2.06(e).

88.     Documents which tend to show or were relied upon to support the contention that "Mr. Gluck was available to informally help you identify, and prepare to handle, many of the tasks involved in opening Liberty" as stated in 1(b) of Michael Kelly's February 14, 2006 memo to Plaintiff.

**ANSWER:**     Defendants object to this request as being duplicative of Plaintiff's

Requests Nos. 59-61 above, and therefore unduly burdensome and, apparently, propounded for

367852.1

no reason other than to unreasonably drive up the cost and burden of litigation. Moreover, to the extent Request No. 88 seeks documents that are related to closed meeting sessions, such documents are confidential and not subject to disclosure pursuant to the Open Meetings Act, 5 ILCS 120/2.06(e). Without waiving this objection and responding subject to them, documents responsive to Request No. 88 are attached hereto and labeled Bates Nos. Plainfield 28710-29291.

89. Documents which reflect the dates in the months of June, July, and August 2005 that Mr. Gluck was working.

**ANSWER:** Defendants object to this request as being duplicative of Plaintiff's Requests No. 88 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving this objection and responding subject to them, Defendants direct Plaintiff to Defendants' response to Request No. 88.

90. Documents which tend to show or were relied upon to support the contention that "additional time for your assistant principal and your building secretary during the summer was approved to assist in the opening of Liberty" as stated in 1 (c) of Michael Kelly's February 14, 2006 memo to Plaintiff. This request includes but is not limited to documents reflecting board approval for the "additional time."

**ANSWER:** To the extent Request No. 90 seeks documents that are related to closed meeting sessions, such documents are confidential and not subject to disclosure pursuant to the Open Meetings Act, 5 ILCS 120/2.06(e). Subject to these objections and without waiving them, Defendants state that they have no additional responsive documents.

91. Documents which tend to show or were relied upon to support the contention that "we are not aware of this time being approved in connection with the opening of other elementary school buildings in the past, including the opening of Charles Reed" as stated in 1 (c) of Michael Kelly's February 14, 2006 memo to Plaintiff.

**ANSWER:** To the extent Request No. 91 seeks documents that are related to closed meeting sessions, such documents are confidential and not subject to disclosure pursuant to the Open Meetings Act, 5 ILCS 120/2.06(e). Subject to these objections and without waiving them,

32

Defendants state that they have no additional responsive documents.

92.    Documents which tend to show or were relied upon to support the contention that "the District office staff provided substantial assistance in all facets of the opening of Liberty" as stated in 1(e) of Michael Kelly's February 14, 2006 memo to Plaintiff.

**ANSWER:**    The Defendants object to this request as being duplicative of Plaintiff's Requests Nos. 1-2, 6-9, 11-14, 26, 28-9, 31-4, 59-61, 81-91 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Defendants further object to this request as unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Requests Nos. 61-63, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said object, and responding subject to it, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request for Production of Documents Requests Nos. 61-63.

93.    Documents which tend to show or were relied upon to support the contention that "Whatever the cause, the problems with the opening of Liberty required and received more assistance from District office staff than needed in connection with the opening of any other new elementary school in our memory" as stated in 1 (e) of Michael Kelly's February 14, 2006 memo to Plaintiff.

**ANSWER:**    Defendants object to this request as being duplicative of Plaintiff's Requests Nos. 1-2, 6-9, 11-14, 26, 28-9, 31-4, 59-61, 81-92 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Defendants further object to this request as unnecessarily duplicative of Plaintiff's Second Request for Production of Documents Requests Nos. 61-63, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said object, and responding subject to it, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's Second Request for Production of Documents Requests Nos. 61-63.

367852.1

94.    Documents which tend to show or were relied upon to support the contention that "Most recently, Charles Reed opened under substantially the same conditions and expectations as Liberty, but without significant problems or the level of support from District office staff" as stated in 1 (e) of Michael Kelly's February 14, 2006 memo to Plaintiff.

**ANSWER:**    Defendants object to this request as being duplicative of Plaintiff's

Requests Nos. 1-2, 6-9, 11-14, 26, 28-9, 31-4, 59-61, 81-93 above, and therefore unduly

burdensome and, apparently, propounded for no reason other than to unreasonably drive up the

cost and burden of litigation.    Defendants object further to this request as unnecessarily

duplicative of Plaintiff's Second Request for Production of Documents Request Nos. 36(d) 46

and 62, and therefore unduly burdensome and, apparently, propounded for no reason other than

to unreasonably drive up the cost and burden of litigation.    Without waiving these objections,

and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental

responses to Plaintiff's Second Request for Production of Documents Request Nos. 36(d), 46 and

62.

95.    Documents which tend to show or were relied upon to support the contention that "Although you declined the assistance, as late as December, Dr. Harper recommended, and the Board approved, mentoring by a retired principal who was initially engaged by the Board to assist in its efforts to recruit minority candidates for the professional staff and to provide administrative support" as stated in the last sentence of the first paragraph on page 5 of Michael Kelly's February 14, 2006 memo to Plaintiff. This request includes but is not limited to the board approval and any engagement letters or contracts between PCCSD 202 and the retired principal referred to.

**ANSWER:**    Defendants object to this request as being duplicative of Plaintiff's

Requests Nos. 59-61 above, and therefore unduly burdensome and, apparently, propounded for

no reason other than to unreasonably drive up the cost and burden of litigation.    Without waiving

this objection and responding subject to them, Defendants state they have no additional

responsive documents.

34

96.    All APT and teacher complaints that were referenced on page 5 of Michael Kelly's February 14, 2006 memo to Plaintiff.

**ANSWER:**    Defendants object to this request as unnecessarily duplicative of Request No. 70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving these objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental response to Request No. 70.

97.    All documents received from the EEOC, Department of Justice, IDHR, or any other state or federal agency which relate to this case.

**ANSWER:**    Defendants state that they have no additional responsive documents.

98.    All documents used or referred to answer Plaintiff's First Set of Interrogatories.

**ANSWER:**    Defendants state that they have no additional responsive documents.

Respectfully submitted,

FOR ALL DEFENDANTS

By:  _____
     Respicio F. Vazquez

Respicio F. Vazquez - 6192369
FRANCZEK SULLIVAN P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606-6785
(312) 986-0300
(312) 986-9192 *fax*

Dated: January 25, 2008

367852.1