IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. LAWRENCE RAINEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 3566 |
| | ) | |
| vs. | ) | Judge William Hart |
| | ) | |
| PLAINFIELD COMMUNITY | ) | Magistrate Judge Schenkier |
| CONSOLIDATED SCHOOL DISTRICT | ) | |
| #202; JOHN HARPER in his individual | ) | |
| capacity; and the Members of the Board of | ) | |
| Education for Plainfield Community | ) | |
| Consolidated School District #202 in their | ) | |
| individual capacities including MICHAEL | ) | |
| KELLY, LINDA JOHNSON, | ) | |
| MICHAEL ROGER BONUCHI, | ) | |
| RICHARD FRIDDLE, | ) | |
| RONALD KAZMAR, ROD WESTFALL | ) | |
| and VICTORIA EGGERSTEDT, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SECOND
## REQUEST FOR PRODUCTION OF DOCUMENTS

In further supplementation of their Fed. R. Civ. P. 26(a)(1) initial disclosures, and pursuant to Fed. R. Civ. P. 34, Defendants Plainfield Community Consolidated School District No. 202, Superintendent John Harper, individual members of the Board of Education, Michael Kelly, Linda Johnson, Michael Roger Bonuchi, Richard Friddle, Ronald Kazmar, Rod Westfall and Victoria Eggerstedt (collectively, the "Defendants") supplements its response to the Second Request for Production of Documents propounded by Plaintiff Lawrence Rainey ("Plaintiff").

Please take notice that the inadvertent production of any material that may be privileged or subject to work product protections shall not constitute a waiver of any applicable privilege. Nor shall the production or disclosure of any document or evidence in response hereto be

367862.1

deemed a waiver of the right to interpose any applicable objection at any time, including without limitation objections such as competency, relevancy, or materiality.

## GENERAL OBJECTIONS

Defendants object to Plaintiff's Second Request for Production of Documents on the following grounds:

(1) Plaintiff's Second Request for Production of documents seeks information which is protected by the attorney-client, attorney work product and/or deliberative process privileges. All responses below are made subject to and notwithstanding the foregoing objection. Furthermore, Defendants' investigation of this matter is continuing and all answers are given without prejudice to the right to supplement or amend the responses based on information discovered after the date hereof.

(2) Plaintiff's Second Request for Production of Documents seeks information regarding "assistant principals" employed by PCCSD; such information is entirely unrelated to the present litigation.

(3) Many requests in Plaintiff's Second Request for Production of Documents are duplicative of requests propounded by Plaintiff in his First Request for Production of Documents. Such duplicative requests are unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.

(4) Defendants' investigation of this matter is continuing and all answers are given without prejudice to the right to supplement or amend the responses based on information discovered after the date hereof.

All responses below are made subject to and notwithstanding the foregoing objections.

2

## RESPONSES

1.     All documents reviewed, considered, relied upon or communicated by Peter Gluck, Dr. Carmen Acevedo, Joyce Franko, or Shigeta Appelwhite regarding their knowledge of Plaintiff's job description, duties, work history, and performance or which were relied upon in reaching any opinions, conclusions, or evidence regarding Plaintiff's job performance.

**ANSWER:**  Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Subject to and without waiving this objection, documents responsive to Request No. 1 are attached hereto and labeled Bates Nos. Plainfield 29806-30638.

2.     All documents identified in II of Defendants' FRCP 26(a)(1)(b) disclosures.

**ANSWER:**  Defendants state that they have no additional responsive documents.

3.     Any School District Policy in effect during the years 2005 or 2006 relating to third party access to school buildings including, access by news media reporters.

**ANSWER:**  Defendants object to the Plaintiff's use in Request No. 3 of the phrase "third party access to school buildings" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover.  Subject to and without waiving these objections, Subject to these objections and without waiving them, Defendants have no additional responsive documents that Plaintiff does not already possess.

4.     All documents that relate to or pertain to any discipline received by any administrator during the last five years arising out of unauthorized access to school property by third parties.

**ANSWER:**  Defendants object to the Plaintiff's use in Request No. 4 of the phrases "discipline" and "unauthorized access to school property by third parties" as too vague, ambiguous and undefined to put Defendants on sufficient notice of what documents Plaintiff seeks to discover.  Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

3

5.     The personnel file of Anita Warmelink, including, but not limited to, her performance evaluations, warnings and other matters of discipline; and the personnel files of the secretaries reporting to Joan Woolwine during 2004 and 2005 who assisted Joan Woolwine in opening the Charles Reed School; and the personnel files of the secretaries reporting to Dr. Rainey during 2005; and the personnel file for Debbie Livingston including, but not limited to, her hiring documentation, resume, application, performance related documentation and documents relating to and pertaining to her termination; and the personnel file of Dr. Gene Carlson including his hiring documentation, performance evaluations and other performance related documents.

**ANSWER:**   Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation.  Subject to and without waiving these objections, Defendants state they have no additional responsive documents.

6.     All memos, communications, e-mails and other documents relating to the performance of Anita Warmelink during the years 2005 and 2006.

**ANSWER:**   Defendants object to this request as unnecessarily duplicative of Plaintiff's Request No. 5 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.  Subject to and without waiving these objections, Defendants state Bates Nos. 27939-27940, 27950-27951, 28064-28065, 28113-28114, 281126-28134, 28158-28159, 29292-29650, 38208-38565 are responsive to Request No. 6.

7.     All notes, memos, recordings or other documents relating to the Liberty Elementary School Open Forum Discussion of February 1, 2006.

**ANSWER:**   Defendants further object to this request as unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request No. 70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.  Without waiving said objection, and responding subject to it, Defendants direct Plaintiff to Defendants' supplemental response to Plaintiff's First Request for Production

4

367862.1

of Documents Requests No. 70.

8.      All audios, audio tape or video tape pertaining to the meeting of November 21, 2005 at District 202 administrative building which opened at approximately 7:05 p.m. and included John Harper and others.

**ANSWER:**    Defendants state that they possess no responsive audio or video recordings.

9.      All memos, letters, e-mails and other written communications between the Principal of Central Elementary School and John Harper during the years 2004 and 2005.

**ANSWER:**    Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

10.      All memos, letters, e-mails and other written communications between the Assistant Principal of Central Elementary School and John Harper during the years 2004 and 2005.

**ANSWER:**    Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

11.      All communications, e-mails, memos and correspondence from Anita Warmelink to John Harper during the year 2005.

**ANSWER:**    Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Defendants object further to this request as unnecessarily duplicative of Plaintiff's Request No. 6 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to

unreasonably drive up the cost and burden of litigation.

12.     All documents that relate to, pertain to or support the statement contained within the minutes of the meeting of November 21, 2005 (Plaintiff's document #38) wherein Dr. Harper expressed the opinion "that the District is not finding a strong field of minority applicants" and "that the periodicals that they referenced state that the minority teaching pool is shallow" and "that minority candidates are not attracted to what the Plainfield School District has to offer" and "that the professional literature suggests there are not a lot of (African American) candidates".

**ANSWER:**     Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation.  Without waiving any of these objections and responding subject to them, Documents responsive to Request No. 12 are attached hereto and labeled Bates Nos. Plainfield 28068-28069,

13.     All documents that relate to or pertain to diversity planning of District 202 during the years 2004, 2005 and 2006.

**ANSWER:**     Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation.  Subject to and without waiving these objections, Defendants state that they have no additional responsive documents.

14.     All documents that relate to or pertain to "H/R recruitment" diversity planning as referenced in Plaintiff's document #38.

**ANSWER:**     Defendants state that they have no additional responsive documents.

15.     All documents that relate to or pertain to the statement contained within Plaintiff's Exhibit #39 "that it is obvious to [Dr. Harper] that the diversity planning for the District falls short and needs to be centralized" and that "the District has an extensive database where [the statistics as it relates to discipline in the District by school, race, gender, age and type] is retrievable" and that "materials for the school are ordered at the building level" and that "in the case of Liberty a mistake had been made. As a result, the District Office was setting up schools in the future".

**ANSWER:**     Defendants object to this request on the grounds that it is overly broad, unduly

6

burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants state that they have no additional responsive documents.

16.    All press releases issued by District 202 which relates to or pertains to Dr. Rainey or issues of diversity during the years 2004 through 2006.

**ANSWER:**    Defendants object to this request as it is duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Subject to and without waiving these objections, Defendants state they have no additional responsive documents.

17.    All applications received by the District for the position of Assistant Principal and Principal during the years 2004 and 2005.

**ANSWER:**    Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants state that they have no additional responsive documents.

18.    All documents that relate to or pertain to any perception that Dr. Harper had during 2005 and 2006 that Plaintiff did not support him or the District's administration with the African-American parent community or with the EMBRACE organization.

**ANSWER:**    Defendants object to the Plaintiff's use in Request No. 18 of the phrase "any perception" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover. Defendants further object to this request as unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to

7

367862.1

unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

19. All District 202 Board meeting minutes for the years 2005 and 2006.

**ANSWER:** Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Moreover, Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Finally, Defendants object to this request to the extent that it seeks documents related to confidential closed meeting sessions that are not subject to disclosure. Without waiving the foregoing objections, and responding subject to them, Defendants state they have no additional responsive, non-privileged documents.

20. A copy of the District's uniform complaint procedure applicable during 2005 and 2006.

**ANSWER:** Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Subject to and without waiving these objections, Defendants state they have no additional responsive documents.

21. All documents that relate to or pertain to the District's receipt and response to any of Rainey's complaints including but not limited to his January 20, 2006 EEOC charge his letter to Dr. Kelly dated January 18, 2006.

**ANSWER:** Defendants object to this request as being duplicative of requests contained in

367862.1

Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no additional responsive documents.

22. All minutes, memos, notes or recordings relating to or pertaining to the parent communication meeting at Liberty School of February 1, 2006.

**ANSWER:** Defendants object to this request as being unnecessarily duplicative of Request No. 7 above and Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objection, and responding subject to it, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

23. All notes, memos, recordings or communications pertaining to the meeting between John Harper, Carmen Acevedo and Dr. Rainey on January 31, 2006.

**ANSWER:** Defendants object to this request as unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objection, and responding subject to it, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

24. All documents that relate to or pertain to the following statements made by John Harper in his letter to Dr. Rainey, dated January 30, 2006:

a. that Liberty Elementary School and the District would be best served by temporarily reassigning Dr. Rainey with pay;

**ANSWER:** Defendants object to this request as unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome

9

and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

   b.   that Dr. Rainey is pursuing his personal employment concerns with the media, parents, students, teachers and other members of the community;

**ANSWER:**   Defendants object to this request as unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

   c.   that Dr. Rainey's above referenced conduct is detracting from his leadership at Liberty and his functioning as a member of the administrative team;

**ANSWER:**   Defendants object to this request as unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

   d.   that Dr. Rainey sent home fliers with students and required or at least strongly encouraged teachers to post flyers in their classroom windows at Liberty;

**ANSWER:**   Defendants object to this request as unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and

367862.1

burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

     e.    that there has been media on school grounds or interfering with school operations;

**ANSWER:**  Defendants object to this request as unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

    25.    All rules, regulations, policies or guidelines pertaining to the presence of media at a District school so as to conduct interviews of school administration.

**ANSWER:**  Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Defendants object further to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are unrelated to the present litigation. Subject to and without waiving these objections, Defendants state they have no responsive documents.

    26.    All notes, memos, documents or other data which purports to identify the author of the e-mail dated January 30, 2006 (Plaintiff's document number 59) with the name "courtneytime3822&cs.com".

**ANSWER:**  Defendants state that they have no documents which purport to identify the author of the e-mail dated January 30, 2006, with the name "courtneytime3822&cs.com."

    27.    All documents that relate to or pertain to any District 202 staff, teachers or administration who are employed at CompuServe or have the initials JK.

11

**ANSWER:** Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

28. All documents that relate to or pertain to statements made by Dr. Harper within his letter to Liberty parents and guardians, dated February 2, 2006, on the following statements:

a. that Dr. Rainey was reassigned to minimize continued disruption to the school resulting from the controversy generated by Dr. Rainey's complaints;

**ANSWER:** Defendants object to this request as unnecessarily duplicative of Request No. 24 above and Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

b. that the primary focus at Liberty School has been, shifted from students and learning to a personnel matter;

**ANSWER:** Defendants object to this request as unnecessarily duplicative of Request No. 24 above and Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

29. All documents, memos, correspondence or communications received by the District from the National Association for the Advancement of Colored People (NAACP) pertaining to Dr. Rainey and all responses from any representative of the District to the NAACP.

367862.1

**ANSWER:** Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Defendants object to this request as being unnecessarily duplicative Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

30. All memos, notes or recordings of Dr. Harper's meeting with Liberty staff on February 1, 2006.

**ANSWER:** Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

31. All documents that relate to pertain to the following statements made by Dr. Harper in his memo to Dr. Rainey dated February 2, 2006, entitled "Temporary Reassignment."

a. All documents that relate to or pertain to the basis upon which Dr. Rainey was directed to be at Liberty School only when authorized by Dr. Harper or Dr. Acevedo.

**ANSWER:** Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for

13

367862.1

Production of Documents Requests Nos. 69-70.

   b.    All documents that relate to or pertain to the assertion that disruptions occurred at Liberty School which have been significantly exacerbated by Dr. Rainey's efforts to involve the media, students, parents, staff and members of the school community in support of Dr. Rainey's January 9, 2006 complaint and his continued employment in the school district;

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

   c.    The need to investigate Dr. Rainey's conduct in relation to his involvement of the media, students, parents, staff and members of the community to determine if disciplinary action is warranted and all memos, notes, statements or other documents that relate to or pertain to that investigation.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

   d.    All reasons or basis why the explanation given by Dr. Rainey pertaining to the visit by a WBBM television crew did not satisfy Dr. Harper.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them,

14

Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

32.    All documents, memos, notes, communications or recordings regarding the visit to Liberty School by a WBBM television crew.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

33.    All documents that relate to or pertain to any investigation that occurred pertaining to the allegations of Lee Pulliam in his letter dated February 8, 2006 that some men in a pick-up truck tried to run Dr. Rainey off the road and that Dr. Rainey had received an e-mail internally from District 200 that had racial overtones.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

34.    All documents that relate to or pertain to any security measures that were taken on behalf of Dr. Rainey during the year 2006.

**ANSWER:**    Defendants state that they have no responsive documents.

35.    All documents that relate to or pertain to any response from District 202 to the letter dated February 8, 2006 from Lynley Hilligoss.

**ANSWER:**    Defendants state that they have no responsive documents.

36.    All documents that relate to or pertain to the statements of Michael Kelly in the

15

367862.1

memorandum dated February 14, 2006 made in response to Dr. Rainey's January 9, 2006 letter to the Board of Education President Michael Kelly and related issues:

     a.    all notes, memos, reports, recordings or other documents relating to the January 31, 2006 special meeting;

**ANSWER:** Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Moreover, to the extent Request No. 36(a) seeks documents that are related to closed meeting sessions, such documents are confidential and not subject to disclosure pursuant to the Open Meetings Act, 5 ILCS 120/2.06(e). Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

     b.    all notes, memos, reports, recordings or other documents relating to the February 9, 2006 special meeting;

**ANSWER:** Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Moreover, to the extent Request No. 36(a) seeks documents that are related to closed meeting sessions, such documents are confidential and not subject to disclosure pursuant to the Open Meetings Act, 5 ILCS 120/2.06(e). Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

     c.    all notes, memos, reports, recordings or other documents relating to the February 13, 2006 regular meeting;

16

367862.1

**ANSWER:** Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.. Moreover, to the extent Request No. 36(a) seeks documents that are related to closed meeting sessions, such documents are confidential and not subject to disclosure pursuant to the Open Meetings Act, 5 ILCS 120/2.06(e). Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

    d.    all documents that relate to or pertain to any complaints received by District 202 from any teachers, parents, or staff which relate to or pertain to the opening of Charles Reed Elementary School and the opening of Lincoln School;

**ANSWER:** Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

    e.    all documents that relate to or pertain to the ordering of textbooks for the Charles Reed Elementary School, Lincoln School and Liberty School during its opening year,

**ANSWER:** Defendants object to this request as being partially duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Moreover, Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present

litigation. Without waiving any of these objections and responding subject to them, documents responsive to Request No. 36(e) are attached hereto and labeled Bates Nos. Plainfield 17017-27883, 27928-27929.

      f.    that the assistant principal hired at Liberty School was based upon the recommendation of Dr. Rainey;

**ANSWER:**   Defendants state that they have no additional responsive documents.

      g.    that the replacement assistant principal was an experienced, well-liked assistant principal with a track record of success at another school in the District;

**ANSWER:**   Defendants state that they have no additional responsive documents.

      h.    that a mentoring plan was necessary for Dr. Rainey as of August 30, 2006;

**ANSWER:**   Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

      i.    that the Dr. Rainey mentoring plan was in response to concerns over the opening of Liberty expressed by Liberty staff and parents, and observations by District office staff;

**ANSWER:**   Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

     37.    All notes, memos, recordings or other documents which support the statement that Dr. Rainey stated at the November 21, 2005 meeting that instructional material ordering was a District responsibility and that Liberty problems were caused by a lack of District level support for a successful opening at Liberty.

**ANSWER:**   Defendants object to this request as being duplicative of requests contained in

367862.1

Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Defendants object further to the Plaintiff's use of the phrases "instructional material ordering was a District responsibility" and "Liberty problems were caused by a lack of District level support". Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

38.     All notes, memos or other documents pertaining to the communication of November 28, 2005 between Dr. Harper and Dr. Rainey, wherein Dr. Harper expressed his displeasure with Dr. Rainey's remarks of November 21.

**ANSWER:**   Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

39.     All notes, memos, correspondence or communication regarding or relating to Dr. Harper's discussion of December 19, 2005 with Dr. Rainey.

**ANSWER:**   Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

40.     All documents that relate to or pertain to Dr. Harper's concern about the timing and manner in which Dr. Rainey communicated to parents the selection of a new assistant principal, and of a teacher to fill the position previously held by the newly assigned assistant principal.

**ANSWER:**   Defendants object to this request as being unnecessarily duplicative of Plaintiff's

19

First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70. Moreover, documents responsive to Request No. 40 are attached hereto and labeled Bates Nos. Plainfield 28154-28155, 28160-28163.

41.     All policies, procedures or other documents supporting Dr. Harper's expression of displeasure over the EMBRACE meeting in November being warranted as divisive conduct, not reflective of support for Liberty and not respectful of administrative relationships.

**ANSWER:** Defendants object to the latent presumption in Request No. 41 that Dr. Harper expressed "displeasure over the EMBRACE meeting in November". The Defendants object further to the Plaintiff's use in Request No. 8 of the phrases "expressed displeasure," "divisive conduct" and "not respectful" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover. Defendants object further to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

42.     All documents that relate to or pertain to the statement that Dr. Rainey had an "affiliation with EMBRACE."

**ANSWER:** Defendants object to the Plaintiff's use in Request No. 42 of the phrase "affiliation with EMBRACE" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover. Defendants further object to this

20

request to the extent that it seeks documents that are entirely unrelated to the present litigation. Finally, Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

43. Documents supporting the statement that District 202 has two other new elementary school principals with no previous elementary school experience and who are paid the same salary as Dr. Rainey.

**ANSWER:** Defendants state that they have no additional responsive documents.

44. Documents that relate to or pertain to the implementation of a formal administrative evaluation plan and that in late 2005 and early 2006 all other principals were similarly evaluated.

**ANSWER:** Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Defendants object further to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

45. All principal and assistant principal evaluations for the school year 2005-2006.

**ANSWER:** Defendants object to this request as being partially duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly

367862.1

burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Moreover, Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no additional responsive documents.

46. All plans, reports, memos and strategies prepared by or for Joan Woolwine pertaining to or relating to the opening of the Charles Reed School.

**ANSWER:** Defendants object to this request on the grounds that it is vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation.

47. All plans, reports, memos and strategies prepared by or for Pete Pasteris pertaining to or relating to the opening of Plainfield High School.

**ANSWER:** Defendants object to this request on the grounds that it is vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation.

48. All plans, reports, memos and strategies prepared by or for Kevin Slattery pertaining to or relating to the opening of Creekside Elementary School.

**ANSWER:** Defendants object to this request on the grounds that it is vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation.

49. All plans, reports, memos and strategies prepared by or for Linda DiLeo pertaining to or relating to the opening of Central Elementary School.

**ANSWER:** Defendants object to this request on the grounds that it is vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving

367862.1

any of these objections and responding subject to them, Defendants state that they have no responsive documents at this time.

50.    Documents relating to the hours the Lincoln School was open during the months of June and July, 2005.

**ANSWER:**    Defendants object to Request No. 50 as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request No. 89. Without waiving this objection and responding subject to it, Defendants direct Plaintiff to Defendants' response to Plaintiff's First Request for Production of Documents Request No. 88.

51.    Documents reflecting the last known residential address of Cheryl Woods-Clendenning.

**ANSWER:**    Defendants state that they have no additional responsive documents.

52.    All documents that relate to or pertain to any complaints of race discrimination or opposition to discrimination raised by Cheryl Woods-Clendenning during her tenure of employment in District 202.

**ANSWER:**    Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

53.    Documents reflecting any salary received by a secretary working for Dr. Rainey during the months of June and July, 2005.

**ANSWER:**    Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants

367862.1

state that they have no additional responsive documents.

54. Documents reflecting any salary received by Joyce Franko during the months of June and July, 2005.

**ANSWER:** Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants state that they have no additional responsive documents.

55. Documents reflecting the hiring of Joyce Franko, including, but not limited to, application, resume and other hiring related documents.

**ANSWER:** Defendants state that they have no additional responsive documents.

56. All documents that relate to or pertain to the initiative taken by Dr. Rainey and/or Dr. Harper in the establishment of an administrative team to assist Dr. Rainey in opening the Liberty School during the summer months of 2005.

**ANSWER:** Defendants object to the Plaintiff's use in Request No. 56 of the phrase "administrative team" as too vague, ambiguous and undefined to put Defendants on sufficient notice of what documents Plaintiff seeks to discover. Moreover, Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.

57. Documents reflecting the installation of any computers at Liberty School for use by Liberty School administration during 2005.

**ANSWER:** Defendants state that they have no additional responsive documents.

58. All communications, memos, e-mails, notes or other documents relating to any communications from Joyce Franko to Dr. Harper, Mark Heiss, Larie Godinez or any member of the Board pertaining to Dr. Rainey or the opening of Liberty School.

**ANSWER:** Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly

367862.1

burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70. Moreover, documents responsive to Request No. 58 are attached hereto and labeled Bates Nos. Plainfield 29651-29731, 46382-46793.

59.    All documents that relate to or pertain to the reasons or basis why Joyce Franko resigned as assistant principal of Liberty School.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

60.    All policies, procedures, guidelines or memos relating to or pertaining to the selection process of an assistant principal and the identity of those including, but not limited to, individuals primarily responsible for the selection of a school's assistant principal.

**ANSWER:**    Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Defendants object further to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents related to "assistant principal[s]," a position that is entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants state that they have no additional responsive documents.

61.    All memos, e-mails, communications, reports or other documents that relate to or pertain to the assistance given by Dr. Harper, Dr. Carmen Acevedo, Diane Cooper, Eric

25

367862.1

Trimberger and other District level staff, in opening Liberty School.

**ANSWER:** Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70. Moreover, documents responsive to Request No. 61 are attached hereto and labeled Bates Nos. Plainfield 28352-28441, 34729-36498, 36874-37509, 37713-38207, 38976-39139, 41370-42177, 46794-46818.

62.    All memos, e-mails, communications, reports or other documents that relate to or pertain to the assistance given by Dr. Harper, Dr. Carmen Acevedo, Diane Cooper, Eric Trimberger and other District level staff, in opening Charles Reed School.

**ANSWER:** Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, documents responsive to Request No. 62 are attached hereto and labeled Bates Nos. Plainfield 28352-28441, 34729-36498, 36874-37509.

63.    Documents reflecting dates that Dr. Harper, Dr. Acevedo, Diane Cooper, Eric Trimberger and other District level staff members who assisted in the opening of Liberty School reported to work during the months of June and July, 2005.

**ANSWER:** Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and

26

367862.1

responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70. Moreover, documents responsive to Request No. 63 are attached hereto and labeled Bates Nos. Plainfield 17017-27883, 34729-36498, 36874-37509, 37713-38207.

64.    All documents that relate to or pertain to the District's supply ordering system for furniture, equipment, supplies and textbooks applicable during the year 2005.

**ANSWER:**   Defendants object to the Plaintiff's use in Request No.64 of the phrase "supply ordering system" as too vague, ambiguous and undefined to put Defendants on sufficient notice of what documents Plaintiff seeks to discover.  Defendants object further to this request to the extent it is duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.  Subject to and without waiving these objections, documents responsive to Request No. 64 are attached hereto and labeled Bates Nos. Plainfield 17017-27883, 27885-27886, 27930-27932, 27954-27955, 27964-27977, 27982-27994, 28005-28007, 28010-28011, 28018-28021, 28028-28029, 28037-28040, 28054-28055, 28058-28059, 28066-28067, 28083-28088, 28092-28095, 28098-28101, 28112, 28135-28136, 28140-28153, 28206-28207, 29732-29797, 38658-38975.

65.    The employment file of Eric Trimberger including, but not limited to, hiring documents, resume, application, performance related documents, performance reviews, and documents relating to or pertaining to the termination of his employment

**ANSWER:**   Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation.  Subject to and without waiving these objections, Defendants state that they have no additional responsive documents.

66.    All e-mails, communications, memos and reports to or from Eric Trimberger relating to or pertaining to the ordering of District supplies during the year 2005.

367862.1

**ANSWER:** Defendants object to this request as being unnecessarily duplicative of Request Nos. 61-63 above and Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

67. All documents relating to or pertaining to stipends paid to Mr. Gluck for his services provided during the year 2005.

**ANSWER:** Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants state that they have no additional responsive documents.

68. All documents that relate to or pertain to any coaching/mentoring plans established for any assistant principal or principal within the District during the assistant principal's or principal's first six months of employment for the years 1996 through 2006.

**ANSWER:** Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Moreover, Defendants object to this request to the extent that it seeks documents outside of the scope of the present litigation.

69. All policies, procedures, and guidelines for the establishment of a coaching/mentoring plan applicable to an assistant principal or principal for the year 2005.

**ANSWER:** Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Moreover, Defendants object to this request to the extent that it seeks documents

367862.1

outside of the scope of the present litigation.

70. Any and all coaching/mentoring plans for any assistant principal or principal of the district initiated during the years 2000 through 2006.

**ANSWER:** Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Moreover, Defendants object to this request to the extent that it seeks documents outside of the scope of the present litigation.

71. All documents that relate to or pertain to any polling of staff at Liberty School pertaining to the opening of that school which occurred in 2005 or 2006.

**ANSWER:** Defendants object to the Plaintiff's use in Request No. 71 of the phrase "opening of [Liberty School] which occurred in 2005 or 2006" as vague and confusing because Liberty was opened in 2005 and not 2006. Without waiving this objection and responding subject to it, Defendants state that they have no responsive documents.

72. Any transcripts or audio recordings of the EMBRACE meeting of November 21, 2005.

**ANSWER:** Defendants do not possess any transcripts or audio recordings responsive to Request No. 72.

73. All notes, memos, recordings or other documents relating to a meeting which occurred between Dr. Harper and Dr. Rainey on November 28, 2005.

**ANSWER:** Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

367862.1

74. All curriculum orders placed for Liberty School during 2005 and all documents relating to or pertaining to the responsiveness and ability to comply with curriculum orders by Liberty's vendors.

**ANSWER:** Defendants object to this request as being unnecessarily duplicative of Request Nos. 61-63 above and Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' responses to Requests Nos. 61-63 and Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

75. All principal and assistant principal evaluations submitted to the Board in 2006.

**ANSWER:** Defendants object to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation.

76. All principals' statements of "goals" submitted as part of the evaluation process during 2005 and 2006.

**ANSWER:** Defendants object to this request as being duplicative of Plaintiff's Request No. 75 above, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Defendants object further to this request on the grounds that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants state that they have no additional responsive documents.

77. All documents that relate to or pertain to any mentoring or coaching provided to Dr. Rainey by Larry Shepard.

**ANSWER:** Defendants object to this request on the grounds that it is not reasonably

367862.1

calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

78.    All documents that relate to or pertain to any compensation paid to Larry Shepard for any services rendered to Dr. Rainey or Liberty School in the years 2005 and 2006.

**ANSWER:**    Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

79.    Documents reflecting the last known mailing address of Debbie Livingston.

**ANSWER:**    Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information that is entirely unrelated to the present litigation. Subject to and without waiving these objections, Defendants state that they have no additional responsive documents.

80.    All documents relating to or pertaining to any complaints of racial discrimination or opposition conduct arising out of alleged race discrimination brought by Debbie Livingston or in which Debbie Livingston was a witness.

**ANSWER:**    Defendants object to this request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Without waiving any of these objections and responding subject to them, Defendants state that they have no responsive documents.

81.    All documents, memos, reports, e-mails or other communications relating to or pertaining to any failure of the telephone system at Liberty School during 2005 and 2006.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the

cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70. Moreover, documents responsive to Request No. 81 are attached hereto and labeled Bates Nos. Plainfield 27887-27890, 27937-27938, 28077-28078, 28516-28709.

82. All notes, memos, or other documents pertaining to a meeting between Dr. Rainey, Dr. Acevedo and/or Dr. Harper on February 24, 2006.

**ANSWER:** Defendants object to this request as being unnecessarily duplicative of Request Nos. 61-63 above and Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

83. The posting for a new principal at Liberty School on or about July 1, 2006.

**ANSWER:** Defendants state that they have no additional responsive documents.

84. All communications, e-mails, correspondence and notes of oral conversations which occurred between representatives of PUSH, EXCEL (Operation Push), and representatives of District 202.

**ANSWER:** Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

85. Any and all documents which tend to establish or support that while as principal at Liberty School, Dr. Rainey lacked sufficient awareness and responsiveness to the operational

367862.1

and educational needs at Liberty, especially responsiveness, accessibility, and visibility to Liberty parents and staff.

**ANSWER:** Defendants object to the Plaintiff's use in Request No. 85 of the phrase "lacked sufficient awareness and responsiveness" as too vague, ambiguous and undefined to put Defendants on sufficient notice of what documents Plaintiff seeks to discover. Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 51, 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 51, 69-70. Moreover, documents responsive to Request No. 85 are attached hereto and labeled Bates Nos. Plainfield 28014-28017, 28026-28027, 33330-36498, 36501-36502, 40677-41369, 44353-45527.

86. All documents that relate to or pertain to any lack of professional judgment exhibited by Dr. Rainey while principal at Liberty School.

**ANSWER:** Defendants object to the Plaintiff's use in Request No. 85 of the phrase "lacked sufficient awareness and responsiveness" as too vague, ambiguous and undefined to put Defendants on sufficient notice of what documents Plaintiff seeks to discover. Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 51, 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 51, 69-70. Moreover, documents responsive to Request No. 86 are attached hereto and labeled Bates Nos. Plainfield 33330-36498, 36501-36502, 44353-45527, 28096-

28097, 28116-28123, 28156-28157, 28180-28184.

87.     All documents that relate to or pertain to any lack of sufficient trust, confidence, and effective working relationships, especially between Dr. Rainey and the superintendent.

**ANSWER:**  Defendants object to the Plaintiff's use in Request No. 87 of the phrase "any lack of trust, confidence and effective working relationships" as too vague, ambiguous and undefined to put the Defendants on sufficient notice of what documents Plaintiff seeks to discover. Defendants object further to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation.  Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.  Moreover, documents responsive to Request No. 86 are attached hereto and labeled Bates Nos. Plainfield 28089-28092.

88.     The educational records relating to or pertaining to Dr. Rainey's children for the school year 2005 and 2006.

**ANSWER:**  Defendants object to this request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation.  Moreover, Defendants further object to the extent this request seeks documents covered by the Illinois Student Records Act.  105 ILCS 10 *et seq.*  Without waiving any of these objections and responding subject to them, Defendants state that such documents will be produced upon written request from Plaintiff pursuant to the Illinois Student Records Act.

89.     All documents that relate to or pertain to any incidents or occurrences involving Dr. Rainey's children during the 2005-2006 school year.

**ANSWER:**  Defendants object to this request on the grounds that it is overly broad, unduly

34

367862.1

burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents that are entirely unrelated to the present litigation. Moreover, Defendants further object to the extent this request seeks documents covered by the Illinois Student Records Act. 105 ILCS 10 *et seq.* Without waiving any of these objections and responding subject to them, documents responsive to Request No. 89 are attached hereto and labeled Bates Nos. Plainfield 27948-27949, 28024-28025, 28032-28034, 28072-28073, 36515-36516, 36607-36608, 36618-36619, 36624-36631, 36635-36636, 46124-46125, 46131-46132.

90.    All communications between any representative of District 202 and Dr. Rainey pertaining to or relating to Dr. Rainey's children within the school district.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Request No. 89 above Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental response to request No. 89 and Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Request Nos. 69-70.

91.    All e-mails and other communications between Dr. Rainey and Dr. Harper pertaining to allowing Dr. Rainey permission to visit a District 202 school to attend an event or other parental related responsibility.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Request Nos. 69-70. Moreover, documents responsive to Request No.

367862.1

92 are attached hereto and labeled Bates Nos. Plainfield 36499-36500, 46110-46111, 46122-46123, 46133-46136.

92.    All documents, memos, reports or notes that relate to or pertain to Dr. Rainey's conduct during the meeting of February 24, 2006, February 27, 2006 and March 1, 2006.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Request Nos. 69-70. Moreover, documents responsive to Request No. 92 are attached hereto and labeled Bates Nos. Plainfield 36505-36512, 36572-36583.

93.    All documents, reports, memos or other communications which relate to or pertain to the stability which was achieved at Liberty School from the date of Dr. Rainey's reassignment through March 31, 2006.

**ANSWER:**    Defendants state that they have no responsive documents.

94.    All documents that relate to or pertain to any request made by Dr. Rainey for employment in 2006 for any teaching or other certified positions in the school district.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Request Nos. 69-70.

95.    All documents that relate to or pertain to the basis upon which Dr. Harper was unwilling to recommend Dr. Rainey in employment in any capacity within the district.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Request

367862.1

No. 94 above Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Request Nos. 69-70.

96.    All fliers that were distributed at Liberty School which relate to or pertain to Dr. Rainey during 2005 and 2006.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Request Nos. 69-70.

97.    All policies, procedures, guidelines or codes of conduct pertaining to communications with parents or the public regarding personnel or staffing issues in the district.

**ANSWER:**    Defendants object to this request as being duplicative of requests contained in Plaintiff's First Request for Production of Documents, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the cost and burden of litigation. Subject to and without waiving these objections, Defendants state that they have no additional responsive documents.

98.    All documents relating to any Liberty School parental complaints pertaining to a photo of Dr. Rainey and students in a CBS news report.

**ANSWER:**    Defendants object to this request as being unnecessarily duplicative of Plaintiff's First Request for Production of Documents Request Nos. 69-70, and therefore unduly burdensome and, apparently, propounded for no reason other than to unreasonably drive up the

367862.1

cost and burden of litigation. Without waiving said objections, and responding subject to them, Defendants direct Plaintiff to Defendants' supplemental responses to Plaintiff's First Request for Production of Documents Requests Nos. 69-70.

Respectfully submitted,

FOR ALL DEFENDANTS

By: _____
Respicio F. Vazquez

Respicio F. Vazquez - 6192369
Donald Y. Yu - 06287737
FRANCZEK SULLIVAN P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606-6785
(312) 986-0300
(312) 986-9192 *fax*

Dated: January 25, 2008

38

367862.1

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he caused a copy of the foregoing

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SECOND FRCP 34**

**REQUEST UPON DEFENDANTS FOR PRODUCTION OF DOCUMENTS**, to be served

upon the following attorney, via overnight mail on this 25th day of January, 2008:

>    Glenn R. Gaffney
>    Gaffney & Gaffney
>    1771 Bloomingdale Road
>    Glendale Heights, IL  60139

Respicio F. Vazquez

367862.1