# Gaffney & Gaffney

Attorneys and Counselors at Law

Glenn R. Gaffney, Principal
Justin R. Gaffney, Associate

1771 BLOOMINGDALE ROAD
GLENDALE HEIGHTS, IL 60139
PHONE (630) 462-1200
FAX (630) 462-7698
E-MAIL grgaffney@EEAdvocate.com

February 6, 2008

Respicio F. Vazquez, Esq.
Franczek Sullivan PC
300 South Wacker Drive - Suite 3400
Chicago, IL 60606-6785

    Re:   Dr. Lawrence Rainey v. Plainfield SD 202 et al.
           Case No. 07-C-3566

Dear Mr. Vazquez:

    I am enclosing for your review a copy of the decision in *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D.447 (N.D.Ill. 2006). Pursuant to that decision and the cases cited therein, the School District cannot claim that closed session meeting minutes or tapes are privileged.

    Please call after you have had a chance to review the enclosed decision so that we may have a full and complete discussion pursuant to LR 37.2.

Sincerely,

Glenn R. Gaffney

GRG/kb

c Justin Gaffney



PLAINTIFF'S
EXHIBIT
G.

Westlaw.

235 F.R.D. 447

Page 1

235 F.R.D. 447, 64 Fed.R.Serv.3d 763, 70 Fed. R. Evid. Serv. 17
(Cite as: 235 F.R.D. 447)

▷

Kodish v. Oakbrook Terrace Fire Protection Dist.
N.D.Ill.,2006.

United States District Court,N.D. Illinois,Eastern Division.
Brian KODISH, Plaintiff,
v.
OAKBROOK TERRACE FIRE PROTECTION DISTRICT, Gregory J. Sebesta, Donald Ventura, Andy Sarallo and Joe Dragovich, Defendants.
No. 05 C 4620.

April 20, 2006.

**Background:** Former firefighter sued a fire protection district and various officials, challenging his termination under § 1983, and asserting state law claims for wrongful termination and defamation. Firefighter moved to compel the production of an audiotape recorded during a closed session meeting of the district.

**Holdings:** The District Court, Morton Denlow, United States Magistrate Judge, held that:

(1) the federal common law of privileges would not be expanded to encompass a state law open meetings privilege;

(2) portions of the audiotape pertaining to factual information underlying the firefighter's § 1983 claim challenging his termination did not fall under the attorney-client privilege; but

(3) portions the audiotape involving counsel's legal advice fell under the attorney-client privilege.

Motion granted in part and denied in part.

West Headnotes

[1] Federal Civil Procedure 170A ☞1278

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(A) In General
            170Ak1278 k. Failure to Respond; Sanctions. Most Cited Cases
Motion to compel discovery is granted or denied at the discretion of the trial court. Fed.Rules Civ.Proc.Rule 37(a)(2-3), 28 U.S.C.A.

[2] Federal Civil Procedure 170A ☞1272.1

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(A) In General
            170Ak1272 Scope
                170Ak1272.1 k. In General. Most Cited Cases
Requests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action, and thus, the scope of discovery should be broad in order to aid in the search for truth. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

[3] Federal Civil Procedure 170A ☞1271

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(A) In General
            170Ak1271 k. Proceedings to Obtain. Most Cited Cases
Courts commonly look unfavorably upon significant restrictions placed upon the discovery process, and the burden rests upon the objecting party to show why a particular discovery request is improper. Fed.Rules Civ.Proc.Rule 26(b)(1), 28 U.S.C.A.

[4] Federal Courts 170B ☞416

170B Federal Courts
    170BVI State Laws as Rules of Decision
        170BVI(C) Application to Particular Matters

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

235 F.R.D. 447

Page 2

235 F.R.D. 447, 64 Fed.R.Serv.3d 763, 70 Fed. R. Evid. Serv. 17
(Cite as: 235 F.R.D. 447)

170Bk416 k. Evidence Law. Most Cited Cases
Where the principal claim in federal court arises under federal law, with pendent jurisdiction over a state claim, the federal common law of privileges apply. Fed.Rules Evid.Rule 501, 28 U.S.C.A.

[5] Federal Courts 170B ⇐416

170B Federal Courts
    170BVI State Laws as Rules of Decision
        170BVI(C) Application to Particular Matters
            170Bk416 k. Evidence Law. Most Cited Cases

Witnesses 410 ⇐184(1)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k184 Nature and Grounds of Privilege in General
                410k184(1) k. In General. Most Cited Cases
In determining privileges pursuant to federal common law, the court must first inquire whether or not there is an existing privilege; if so, that privilege is applied, but if not, the court must then determine whether the federal common law should be expanded to include an asserted state law privilege.

[6] Federal Courts 170B ⇐416

170B Federal Courts
    170BVI State Laws as Rules of Decision
        170BVI(C) Application to Particular Matters
            170Bk416 k. Evidence Law. Most Cited Cases

Witnesses 410 ⇐216(1)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k216 Communications to or Information Acquired by Public Officers
                410k216(1) k. In General; Official or Governmental Privilege. Most Cited Cases
Federal common law of privileges would not be expanded to encompass a state law open meetings privilege in a former firefighter's § 1983 suit challenging his termination, during which he sought to compel the production of an audiotape recorded during a closed session meeting of the fire district; to pursue his claim, the firefighter had to attempt to ascertain the motive and basis for the district's decision to terminate him, the audiotape would likely aid in uncovering relevant facts, and there was no compelling policy interest to justify protecting all communications in the closed session meeting. 42 U.S.C.A. § 1983; Fed.Rules Evid.Rule 501, 28 U.S.C.A.; 5 ILCS 120/2.06(e).

[7] Federal Courts 170B ⇐416

170B Federal Courts
    170BVI State Laws as Rules of Decision
        170BVI(C) Application to Particular Matters
            170Bk416 k. Evidence Law. Most Cited Cases
In determining whether to recognize a state law privilege, the court must keep in mind that a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy.

[8] Witnesses 410 ⇐198(1)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k197 Communications to or Advice by Attorney or Counsel
              410k198 In General
                  410k198(1) k. In General. Most Cited Cases
Federal common law recognizes the attorney-client privilege, the purpose of which is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

235 F.R.D. 447

235 F.R.D. 447, 64 Fed.R.Serv.3d 763, 70 Fed. R. Evid. Serv. 17
(Cite as: 235 F.R.D. 447)

[9] Witnesses 410 ⇌198(1)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k197 Communications to or Advice by Attorney or Counsel
                410k198 In General
                    410k198(1) k. In General. Most Cited Cases
Attorney-client privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice.

[10] Witnesses 410 ⇌198(1)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k197 Communications to or Advice by Attorney or Counsel
                410k198 In General
                    410k198(1) k. In General. Most Cited Cases
Attorney-client privilege recognizes that sound legal advice depends upon the lawyer's being fully informed by the client.

[11] Witnesses 410 ⇌222

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k222 k. Evidence as to Nature and Circumstances of Communication or Other Subject-Matter. Most Cited Cases
Party claiming the attorney-client privilege bears the burden of proving all of its essential elements.

[12] Witnesses 410 ⇌198(1)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k197 Communications to or Advice by Attorney or Counsel
                410k198 In General
                    410k198(1) k. In General. Most Cited Cases

Witnesses 410 ⇌220

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k220 k. Objections to Admissibility. Most Cited Cases
Since the attorney-client privilege has the effect of withholding relevant information from the fact finder, it applies only where necessary to achieve its purpose, and thus, a blanket claim of privilege that does not specify what information is protected will not suffice.

[13] Witnesses 410 ⇌201(1)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k197 Communications to or Advice by Attorney or Counsel
                410k201 Subject-Matter of Communications or Advice in General
                    410k201(1) k. In General. Most Cited Cases
Portions of an audiotape of a closed fire district meeting, at which the district's attorney was present, pertaining to factual information underlying a former firefighter's § 1983 claim challenging his termination did not fall under the attorney-client privilege; discussions by members of the district's board of trustees regarding the firefighter's work history, reasons for moving to terminate him, and a discussion of what was desirable from an employee were examples of the type of information that was discoverable. 42 U.S.C.A. § 1983.

[14] Witnesses 410 ⇌201(1)

410 Witnesses

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

235 F.R.D. 447

235 F.R.D. 447, 64 Fed.R.Serv.3d 763, 70 Fed. R. Evid. Serv. 17
(Cite as: 235 F.R.D. 447)

410II Competency
    410II(D) Confidential Relations and Privileged Communications
        410k197 Communications to or Advice by Attorney or Counsel
            410k201 Subject-Matter of Communications or Advice in General
                410k201(1) k. In General. Most Cited Cases

Attorney-client privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney.

[15] Witnesses 410 ⇐198(1)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k197 Communications to or Advice by Attorney or Counsel
                410k198 In General
                    410k198(1) k. In General. Most Cited Cases

Mere attendance of an attorney at a meeting does not render everything said or done at that meeting privileged.

[16] Witnesses 410 ⇐201(1)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k197 Communications to or Advice by Attorney or Counsel
                410k201 Subject-Matter of Communications or Advice in General
                    410k201(1) k. In General. Most Cited Cases

Portions of an audiotape of a closed fire district meeting involving counsel's legal advice fell under the attorney-client privilege; conversations among board members discussing the attorney's legal advice, and conversations among the board members and their attorney about potential litigation risk and legal strategy, fell under the privilege.

[17] Witnesses 410 ⇐198(1)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k197 Communications to or Advice by Attorney or Counsel
                410k198 In General
                    410k198(1) k. In General. Most Cited Cases

Communications from an attorney to a client are privileged if the statements reveal, directly or indirectly, the substance of a confidential communication by the client.

[18] Witnesses 410 ⇐201(1)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k197 Communications to or Advice by Attorney or Counsel
                410k201 Subject-Matter of Communications or Advice in General
                    410k201(1) k. In General. Most Cited Cases

The attorney-client privilege extends to situations where an attorney is giving advice concerning the legal implications of conduct; for communications at such meetings to be privileged, they must have related to the acquisition or rendition of professional legal services.

[19] Witnesses 410 ⇐198(1)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k197 Communications to or Advice by Attorney or Counsel
                410k198 In General
                    410k198(1) k. In General. Most Cited Cases

Witnesses 410 ⇐205

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

235 F.R.D. 447

Page 5

235 F.R.D. 447, 64 Fed.R.Serv.3d 763, 70 Fed. R. Evid. Serv. 17
(Cite as: 235 F.R.D. 447)

410 Witnesses
   410II Competency
      410II(D) Confidential Relations and Privileged Communications
         410k197 Communications to or Advice by Attorney or Counsel
           410k205 k. Confidential Character of Communications or Advice. Most Cited Cases
Party seeking to assert the attorney-client privilege must show that the particular communication was part of a request for advice or part of the advice, and that the communication was intended to be and was kept confidential.

[20] Witnesses 410 ⇐206

410 Witnesses
   410II Competency
      410II(D) Confidential Relations and Privileged Communications
         410k197 Communications to or Advice by Attorney or Counsel
           410k206 k. Communications Through or in Presence or Hearing of Others. Most Cited Cases
Communication covered by the attorney-client privilege does not lose its status as such when an executive relays legal advice to another who shares responsibility for the subject matter underlying the consultation; management personnel should be able to discuss the legal advice rendered to them as agents of the corporation.

*449 Gregory J. Abbott, Law Office of Gregory J. Abbott, Downers Grove, IL, for Plaintiff.
Stephen H. DiNolfo, Ottosen, Britz, Kelly, Cooper & Gilbert, Ltd., Wheaton, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

MORTON DENLOW, United States Magistrate Judge.
   Plaintiff Brian Kodish ("Kodish" or "Plaintiff") moves this Court pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Defendants Oakbrook Terrace Fire Protection District ("Fire District"), Gregory J. Sebesta ("Sebesta"), Donald Ventura ("Ventura"), Andy Sarallo ("Sarallo"), and Joe Dragovich ("Dragovich") (collectively " Defendants") to produce the audiotape of the Fire District board meeting closed session held by the Defendants on August 11, 2004. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion to compel the production of the audiotape.

## I. BACKGROUND FACTS

   Plaintiff was terminated from his position as a firefighter/paramedic by Oakbrook Terrace on August 12, 2004. Sebasta is the Chief of the Fire District. Ventura, Sarallo and Dragovich are the Fire District's trustees. Plaintiff brought this action alleging that Defendants intentionally deprived him of his constitutionally protected right to due process of law in violation of 42 U.S.C. § 1983, and that the Defendants wrongfully terminated him and defamed him.

   Plaintiff was hired as a firefighter/paramedic by the Fire District on June 2, 2003. In late December 2003, Plaintiff suffered a knee injury while working for the Fire District. Plaintiff's injury kept him off work starting around March 24, 2004. Plaintiff underwent surgery on May 7, 2004, and was not medically released to full duty until July 23, 2004. On August 2, 2004, the Illinois Public Risk Fund (" IPRF") informed Plaintiff that the Fire District's workers compensation carrier/administrator denied paying his medical bills because it did not believe he suffered a work injury.

   On August 9, 2004, Plaintiff took a scheduled workday off in order to meet with an attorney to acquire representation for a workers compensation claim. Defendants held a closed session meeting on August 11, 2004 with its attorney, where they discussed the decision to terminate Sebesta. Plaintiff returned to work on August 12, 2004, and Sebasta told him that he did not earn the day off for August 9, and that the Fire District made the decision to terminate him. Plaintiff claims that his termination was wrongful.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

235 F.R.D. 447 Page 6

235 F.R.D. 447, 64 Fed.R.Serv.3d 763, 70 Fed. R. Evid. Serv. 17
**(Cite as: 235 F.R.D. 447)**

In the course of discovery, Plaintiff submitted a request to produce to Defendants, which included a request for audiotapes. Defendants did not initially identify any audiotape in its response. During the deposition of Dragovich, Plaintiff learned that the August 11, 2004 closed session meeting was audiotaped. Plaintiff renewed his request for the audiotape. The Fire District has refused to produce the audiotape, contending that this information is privileged under the open meetings provisions of the Illinois Open Meetings Act ("the Act"), 5 ILL.COMP.STAT.ANN. 120/1 (2006). Furthermore, the Fire District claims that the discussions are protected from disclosure by the attorney-client privilege. Plaintiff now seeks to compel the Defendants to produce the audiotape recorded during the August 11, 2004 closed session meeting.

## II. LEGAL STANDARD FOR A MOTION TO COMPEL DISCOVERY

[1] A party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. *450 Fed.R.Civ.P. 37(a)(2)-(3). The Federal Rules of Civil Procedure provide a court with broad discretion in resolving discovery disputes. *Meyer v. Southern Pacific Lines,* 199 F.R.D. 610, 611 (N.D.Ill.2001). A motion to compel discovery is granted or denied at the discretion of the trial court. *Id.* In ruling on motions to compel discovery, " courts have consistently adopted a liberal interpretation of the discovery rules." *Wilstein v. San Tropai Condominium Master Association,* 189 F.R.D. 371, 375 (N.D.Ill.1999).

[2][3] Under Rule 26(b)(1), "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b)(1). Requests for discovery are relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Rubin v. Islamic Republic of Iran,* 349 F.Supp.2d 1108, 1111 (N.D.Ill.2004). Thus, the scope of discovery should be broad in order to aid in the search for truth. *Tice v. American Airlines, Inc.,* 192 F.R.D. 270, 272 (N.D.Ill.2000). Courts commonly look unfavorably upon significant restrictions placed upon the discovery process. *Rubin,* 349 F.Supp.2d at 1111. The burden rests upon the objecting party to show why a particular discovery request is improper. *Id.*

## III. DISCUSSION

In its consideration of Plaintiff's motion, the Court must decide the following issues: (1) whether federal or state law governs the privilege questions; (2) whether the Act protects discussions held in a closed session meeting; and (3) whether the attorney-client privilege protects discussions held in a closed session meeting.

### A. FEDERAL COMMON LAW GOVERNS THE PRIVILEGES ASSERTED

[4] Federal Rule of Evidence 501 states that "[t]he privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege ... shall be determined in accordance with State law." Fed.R.Evid. 501. However, in cases where the principal claim in federal court arises under federal law, with pendent jurisdiction over a state claim, the federal common law of privileges apply. *Memorial Hospital For McHenry County v. Shadur,* 664 F.2d 1058, 1060 (7th Cir.1981). In *Memorial Hospital,* the plaintiff alleged violations of both federal and state antitrust laws. *Id.* In

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

235 F.R.D. 447

235 F.R.D. 447, 64 Fed.R.Serv.3d 763, 70 Fed. R. Evid. Serv. 17
(Cite as: 235 F.R.D. 447)

declining to apply the Illinois privilege provided under the Illinois Medical Studies Act, the Seventh Circuit reasoned that the principal claim arose under federal law and "because the state law does not supply the rule of decision as to this claim, the district court was not required to apply state law in determining whether the material sought ... is privileged." *Id.* at 1061. The *Memorial Hospital* court held that "the question of whether the privilege asserted ... should be recognized" is governed by federal common law. *Id.* Similarly, the court in *Doe v. Oberweis Dairy*, No. 03 C 4774, 2004 WL 1146712, at *2 (N.D.Ill. May 21, 2004), stated that "federal common law applies in cases based upon a federal cause of action even if the complaint states a supplemental state law claim."

The principal claim in this case is brought pursuant to 42 U.S.C. § 1983 of the Civil Rights Act of 1964. Plaintiff brings his wrongful termination and defamation claims under the doctrine of pendent jurisdiction. Because the principal claim in this case arises under federal law, this Court is not required to apply state law privileges. Thus, the Court must look to privileges recognized by federal common law.

### B. THE OPEN MEETINGS PRIVILEGE DOES NOT APPLY UNDER FEDERAL COMMON LAW

[5] In determining privileges pursuant to federal common law, the Court must first inquire whether or not there is an existing privilege. *Wilstein*, 189 F.R.D. at 376. If *451 so, that privilege is applied. *Id.* If not, the Court must then determine whether the federal common law should be expanded to include an asserted state law privilege. *Id.* Thus, the first issue is whether a federal common law privilege exempts closed-door meetings from discovery. This Court finds no such federal common law.

[6] Therefore, the Court must next consider whether the federal common law of privileges should be expanded to encompass the asserted state privilege. In *Jaffee v. Redmond*, 518 U.S. 1, 8, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), the Supreme Court set forth the principles a court must consider in determining when "Rule 501 of the Federal Rules of Evidence authorizes federal courts to define new privileges by interpreting 'common law privileges ... in the light of reason and experience.'" The Court noted that Rule 501 "did not freeze the law governing the privileges ... at a particular point in history, but rather directed federal courts to 'continue the evolutionary development of testimonial privileges.'" *Id.* at 9, 116 S.Ct. 1923. The Court started with the basic rule that "there is a general duty to give what testimony one is capable of giving, and that any exemptions ... are distinctly exceptional" and "disfavored." *Id.* The Court then stated that for any privilege to be added to the federal common law, the privilege must "promote ... sufficiently important interests to outweigh the need for probative evidence." *Id.* The analysis must be made on a case-by-case basis, and take into account both the public and private interests that the privilege serves, as well as the evidentiary benefit that would result if the privilege was denied. *Id.* at 8-11, 116 S.Ct. 1923.

[7] Further, in determining whether to recognize a state law privilege, the Court must keep in mind that a "strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Memorial Hosp.*, 664 F.2d at 1061 (quoting *United States v. King*, 73 F.R.D. 103, 105 (E.D.N.Y.1976)). In *Memorial Hospital*, the Seventh Circuit relied upon an analysis similar to that of the Supreme Court in *Jaffee* to determine whether a state law privilege should be recognized under Federal Rule of Evidence 501:

First, because evidentiary privileges operate to exclude relevant evidence and thereby block the judicial fact-finding function, they are not favored and, where recognized, must be narrowly construed. Second, in deciding whether the privilege asserted should be recognized, it is important to take into account the particular factual circumstances of the case in which the issue arises. The court should 'weigh the need for truth against the importance of the relationship or policy sought to be furthered by

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

235 F.R.D. 447

235 F.R.D. 447, 64 Fed.R.Serv.3d 763, 70 Fed. R. Evid. Serv. 17
(Cite as: 235 F.R.D. 447)

the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship in the factual setting of the case.'

*Memorial Hosp.*, 664 F.2d at 1061-62 (citations omitted).

In this case, there is a substantial need for the disclosure of relevant evidence. The Court recognizes that the Act expressly provides that " unless the public body has made a determination that the verbatim recording no longer requires confidential treatment or otherwise consents to disclosure, the recording shall not be open for public inspection *or subject to discovery in any judicial proceeding* other than one brought to enforce this Act." 5 ILCS 120/2.06(e) (emphasis added). However, in balancing the need for truth against the privilege asserted, the Court finds that the privilege should not prevent disclosure necessary to the legal inquiry.

Here, plaintiff's principal claim is a federal civil rights claim. In *Hinsdale v. City of Liberal, Kansas*, 961 F.Supp. 1490, 1495 (D.Kan.1997), *aff'd*,981 F.Supp. 1378 (D.Kan.1997), the court declined to recognize the Kansas Open Meetings Act in a federal civil rights case. The court stated that " caution should be especially taken in recognizing a privilege in a federal civil rights action, where any assertion of privilege must overcome the fundamental importance of a law meant to protect citizens from unconstitutional state action." *Id.* (citing *Mason v. Stock*, 869 F.Supp. 828, 833 (D.Kan.1994)). The court reasoned that "if state law controlled, the state authorities could effectively *452 insulate themselves from constitutional norms simply by developing privilege doctrines that made it virtually impossible for plaintiffs to develop the kind of information they need to prosecute their federal claims." *Id.*

In the instant case, in order for Plaintiff to pursue his § 1983 civil rights claim, he must attempt to ascertain the motive and basis for the Fire District's decision to terminate him. The audiotape recorded during the August 11, 2004 closed session meeting will likely aid in uncovering the facts relied upon by the Board of Trustees to terminate Plaintiff. At the August 11, 2004 meeting, the Defendants discussed whether to terminate Plaintiff, and the day after the meeting Plaintiff learned of the Fire District's decision to terminate him. Furthermore, there is no compelling policy interest to justify protecting all communications in the closed session meeting. As discussed below, the attorney-client privilege provides adequate protection. The interests served by the open meeting privilege are overcome by the need for probative evidence and are adequately protected by the attorney-client privilege. Thus, this Court refuses to extend federal common law to encompass the open meetings privilege.

C. THE ATTORNEY-CLIENT PRIVILEGE LIMITS THE DISCOVERY OF THE AUDIOTAPE

[8][9][10] Federal common law recognizes the attorney-client privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The purpose of the privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* "The privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Id.* at 390, 101 S.Ct. 677. The privilege recognizes that sound legal advice depends upon the lawyer's being fully informed by the client. *Id.* at 389, 101 S.Ct. 677.

The Seventh Circuit has "long embraced the articulation of the attorney-client privilege first set forth by Dean Wigmore" in 1904. *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir.1997). The essential general principles governing the privilege are as follows:

(1)Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 10 of 11
Case: 1:07-cv-03566 Document #: 31-6 Filed: 03/03/08 Page 10 of 14 PageID #:292
235 F.R.D. 447
Page 9
235 F.R.D. 447, 64 Fed.R.Serv.3d 763, 70 Fed. R. Evid. Serv. 17
(Cite as: 235 F.R.D. 447)

from disclosure by himself or by the legal adviser, (8) except the protection be waived.

8 John Henry Wigmore, Evidence in Trials at Common Law § 2292 (John T. McNaughton rev.1961).

[11][12] The party claiming the privilege bears the burden of proving all of its essential elements. *United States v. White*, 950 F.2d 426, 430 (7th Cir.1991). "Since the privilege has the effect of withholding relevant information from the fact finder, it applies only where necessary to achieve its purpose." *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Thus, " a blanket claim of privilege that does not specify what information is protected will not suffice." *United States v. White*, 970 F.2d 328, 334 (7th Cir.1992). Therefore, the Court must decide to what extent the attorney-client privilege protects from discovery the statements made by board members during the closed session meeting with their attorney present.

**1. Portions of the Audiotape Pertaining to Factual Information Underlying Plaintiff's Claim is Not Privileged Under the Attorney-Client Privilege.**

[13][14] The attorney-client privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney. *Upjohn*, 449 U.S. at 395-396, 101 S.Ct. 677. The *Upjohn* court stated:

A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney? ' but may not refuse *453 to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.

*Id.* (quoting *Philadelphia v. Westinghouse Elec. Corp.*, 205 F.Supp. 830, 831 (E.D.Pa.1962)).

[15] In this case, Defendants' attorney attended the closed session meeting where they discussed the decision to terminate Plaintiff. However, the mere attendance of an attorney at a meeting does not render everything said or done at that meeting privileged. *Larson v. Harrington*, 11 F.Supp.2d 1198 (E.D.Cal.1998). In Larson, the plaintiff moved to compel the deposition testimony of county board members regarding discussions held in closed session. The defendant objected to questions pertaining to the closed session on the ground that the county counsel was present at the meetings and at each meeting "provided legal advice and counseling" to the board. *Id.* at 1200. The court found that even if confidential communications within the purview of the attorney-client privilege were made at the closed meetings, such communications would not "cloak the entire proceeding in secrecy." *Id.* at 1201. Discussions which did not implicate legal advice relating to pending or anticipated litigations are not privileged from discovery. *Id.*

In this case, the attorney-client privilege does not provide blanket protection from discovery. Although the Defendants' attorney was present at all times during the closed door meeting, his presence does not render all communications privileged. The discussions by members of the Fire District's board of trustees regarding Plaintiff's work history, Sebesta's reasons for moving to terminate Plaintiff, and Sebesta's discussion of what is desirable from an employee are examples of the type of information that is discoverable.

**2. Portions of the Audiotape involving counsel's legal advice is privileged under the Attorney-Client Privilege.**

[16][17][18][19] Communications from an attorney to a client are privileged if the statements reveal, directly or indirectly, the substance of a confidential communication by the client. *Ohio-Sealy Mattress Mfg. Co. v. Kaplan*, 90 F.R.D. 21, 28 (N.D.Ill.1980). The privilege extends to situations where an attorney is giving advice concerning the legal implications of conduct.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

235 F.R.D. 447

Page 10

235 F.R.D. 447, 64 Fed.R.Serv.3d 763, 70 Fed. R. Evid. Serv. 17
(Cite as: 235 F.R.D. 447)

*Wilstein,* 189 F.R.D. at 379. For communications at such meetings to be privileged, they must have related to the acquisition or rendition of professional legal services. *Id.* The party seeking to assert the privilege must show that the particular communication was part of a request for advice or part of the advice, and that the communication was intended to be and was kept confidential. *Id.*

In *Great Plains Mutual Ins. Co. v. Mutual Reinsurance Bureau,* 150 F.R.D. 193, 197 (D.Kan.1993), the court denied the defendant's request for production of the minutes of a corporate board meeting when it found that the information sought by the plaintiff directly related "to legal advice rendered by its attorney in his capacity as legal advisor." While the court recognized that the presence of an attorney at a board meeting would not shield the entire meeting from disclosure, it was "clear from the minutes of the board meetings that the purpose of the conversations during the board meetings was to render legal advice." *Id.* Furthermore, both the plaintiff and its attorney understood that the purpose of the communications was to review and consider legal issues pertaining to pending litigation. *Id.* Thus, because the attorney was "acting in his capacity as an attorney during the relevant portions of the board meetings," and giving advice requiring "the skill and expertise of an attorney," these portions of the board meetings were protected from discovery. *Id.*

[20] Similarly, "[a] privileged communication does not lose its status as such when an executive relays legal advice to another who shares responsibility for the subject matter underlying the consultation. Management personnel should be able to discuss the legal advice rendered to them as agents of the corporation." *Weeks v. Samsung Heavy Ind. Co., Ltd.,* 1996 WL 341537 at *4 (N.D.Ill. June 20,1996). In *Weeks,* an executive employee summarized legal advice given by *454 counsel regarding legal obligations and potential litigation risks regarding the suit at hand and relayed the information to his superior. *Weeks,* at *3. The summary memo was held to be protected from discovery under the attorney-client privilege. *Id.* at *4.

In the instant case, conversations among the board members discussing their attorney's legal advice, and conversations among the board members and their attorney about potential litigation risk and legal strategy are privileged under the attorney-client privilege. Therefore, only the portions of the audiotape pertaining to factual information must be produced. Any information involving counsel's legal advice is privileged.

### 3. The Redacted Transcript of the Audiotape Shall be Produced to Plaintiff.

Defendants submitted a copy of the audiotape transcript to the Court for an *in camera* review, and highlighted the portions of the transcript which they believe are protected under the attorney-client privilege. The Court agrees with Defendants' selection of what material is protected under the attorney-client privilege. Therefore, the highlighted portions of the transcript shall be redacted by Defendants, and the rest of the transcript shall be produced to Plaintiff. With respect to the redacted portions, the transcript should identify the speaker. For example, on page 31, line 9, Mr. Ventura's name should be included in the transcript, but his statement should be redacted.

### IV. CONCLUSION

For the foregoing reasons, the **Court grants in part and denies in part Plaintiff's motion to compel the audiotape of Oakbrook Terrace Fire Protection District closed session meeting on August 11, 2004.**

N.D.Ill.,2006.
Kodish v. Oakbrook Terrace Fire Protection Dist.
235 F.R.D. 447, 64 Fed.R.Serv.3d 763, 70 Fed. R. Evid. Serv. 17

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# Gaffney & Gaffney

Attorneys and Counselors at Law

Glenn R. Gaffney, Principal
Justin R. Gaffney, Associate

1771 BLOOMINGDALE ROAD
GLENDALE HEIGHTS, IL 60139
PHONE (630) 462-1200
FAX (630) 462-7698
E-MAIL grgaffney@EEAdvocate.com

February 13, 2008

Respicio F. Vazquez, Esq.
Franczek Sullivan PC
300 South Wacker Drive - Suite 3400
Chicago, IL 60606-6785

Re: **Dr. Lawrence Rainey v. Plainfield SD 202 et al.**
**Case No. 07-C-3566**

Dear Mr. Vazquez:

In your letter dated January 4, 2008, you stated that the School District was in the process of continuing to review Plaintiff's discovery requests and that Defendants "will be supplementing its discovery responses." It has now been approximately 45 days since that letter and Plaintiff has yet to receive any supplemental discovery responses. Request is hereby made pursuant to LR 37.2 for additional compliance.

**Interrogatories** In regard to Defendants' answers to interrogatories, further clarification and supplementation is requested pertaining to the following:

**Interrogatory No. 1(a):** Defendants' response of "investigation continues" is non-responsive.

**Interrogatory No. 2:** Simply referring to the Illinois School Code provision fails to adequately answer the interrogatory. Similarly, the vague reference to Plaintiff's purported failure to plan, operate and evaluate "the educational program of the attendance area to which he was assigned" is non-responsive to the interrogatory which calls for the reasons for Defendants' decision not to renew Plaintiff's contract. Additionally, merely referring to the persons identified in Defendants' Rule 26(a)(1) disclosures fails to comply with the request that Defendants "state those facts or opinions each person identified contributed to the decision, along with a basis of those facts and opinions."

**Interrogatory No. 7:** Plaintiff seeks to clarify that the term "terminated" was construed by Defendants so as to also mean non-renewal.

**Interrogatory No. 8(d):** Please provide a responsive answer.

**Interrogatory No. 8(f):** Please provide a fully responsive answer.

**Interrogatory Nos. 9 and 10:** As opposed to listing out all of the tasks required to open Liberty Elementary School, please identify any documents that exist which purport to identify the obligations, protocol and requirements to open an elementary school within District 202 applicable during the year 2005.

PLAINTIFF'S EXHIBIT H.

Respicio F. Vazquez
February 13, 2008
Page two

**Defendants' Privilege Log** In regard to the six-page Privilege Log Defendants have attached to Defendants' Response to Plaintiff's Response to First Set of Interrogatories, request is hereby made as follows:

**Document Nos. 323-324:** A draft and unsigned copies of documents pertaining to Plaintiff's mentoring plan is responsive to Plaintiff's document request and should be produced. Additionally, there is a lack of detail pertaining to the date, author and recipients.

**Document Nos. 505-507:** Please identify the date prepared, author and for whom the document was prepared.

**Document Nos. 5734-5801:** It does not appear that these documents are governed by the attorney client privilege. Please provide greater detail as to the time frame of the "events and incidents." Additionally, who participated in the investigation and what the purpose of the investigation was.

**Document Nos. 7161-7184:** Please identify the date prepared, the author and the recipients. Please further supplement with the nature of the communication, topic or purpose of the communication.

**Document Nos. 7337-7384:** Please provide authority for the proposition that when an attorney speaks openly at a meeting that the open communication available for all to hear is subject to the attorney-client privilege.

**Document Nos. 7760-7761 and 7769-7776:** Please provide the position, duties and responsibilities of Diane Cooper. Additionally, to the extent Defendants claim that these documents are non-responsive, please provide an explanation.

**Document Nos. 8225-9133:** My office has previously provided you with ample authority for the proposition that closed session board minutes or special session board minutes are not subject to the privilege and must be disclosed. You have failed to provide any authority to the contrary. Request is hereby made for production.

**Document Nos. 11323-11324:** To the extent that Carmen Acevedo prepares a communication for purposes of making a determination regarding Dr. Rainey's employment, those documents are subject to production even if they are passed through the School District's attorney.

**Document Nos. 11334-11339 and 11385-11386:** You failed to identify the author, recipients or purpose of these notes and drafts. Request is hereby made for production.

**Document Nos. 11436-11437:** To the extent that there is privileged attorney communication contained within another document, the communication must be produced and potentially privileged hand written notes should be redacted.

Respicio F. Vazquez
February 13, 2008
Page three

**Document Nos. 11447-11448 and 11450:** Please identify who the attorney notes are for, when the attorney notes were made, and who was the recipient of the document with attorney notes.

**Document Nos. 11451-11458:** You have failed to provide the author or recipients.

Request is hereby made for compliance with the above by February 22, 2008.

Sincerely,

Glenn R. Gaffney