IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


DR. LAWRENCE RAINEY,                        )
                                            )
                Plaintiff,                  )
                                            )
        v.                                  )        No. 07 C 3566
                                            )
PLAINFIELD COMMUNITY CONSOLIDATED           )
SCHOOL DISTRICT NO. 202;                    )
JOHN HARPER, in his individual              )
capacity; and the Members of                )
the Board of Education of                   )
Plainfield Community Consolidated           )
School District No. 202 in their            )
individual capacities including            )
MICHAEL KELLY, LINDA JOHNSON,               )
MICHAEL ROGER BONUCHI, RICHARD              )
FRIDDLE, RONALD KAZMAR, ROD                 )
WESTFALL, and VICTORIA EGGERSTEDT,          )
                                            )
                Defendants.                 )


## OPINION AND ORDER


Plaintiff Lawrence Rainey was formerly employed as the

principal of Liberty Elementary School in defendant Plainfield

Community School District No. 202 (the "District"). Also named

as defendants, in their individual capacities, are members of the

District's Board and the District's Superintendent. Plaintiff

alleges his employment was terminated when his contract was not

renewed. The effective termination date was the end of the

2005/2006 school year. Plaintiff alleges the termination of his

employment was motivated by discrimination against him based on his race, Black/African-American.  As against the District only, plaintiff alleges race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  Against all defendants, including the District, he also brings a claim, pursuant to 42 U.S.C. § 1983, that he was retaliated against for speaking out on matters of public concern in violation of the First Amendment.  Also against all defendants, he claims that his employment was terminated because of his race and in retaliation for opposing race discrimination in violation of 42 U.S.C. § 1981.  Presently pending is defendants' motion for a protective order precluding questioning of District officials regarding certain closed session Board matters.[1]  Also pending is plaintiff's motion for production (or in camera review) of documents on defendants' privilege log. Plaintiff also seeks reconsideration of this court's prior ruling regarding providing minutes and a transcript of a particular closed door session.  See Rainey v. Plainfield Cmty. Consol. Sch. Dist. No. 202, 2008 WL 4775975 *3-4 (N.D. Ill. Oct. 24, 2008).

---

[1]Defendants' motions to file a reply in support of their motion for a protective order and a surreply in response to plaintiff's motion will be granted and those briefs have been considered.  Arguments contained in plaintiff's opposition to the filing of a surreply have also been considered.

Since no judgment has been entered, there is no specific time limit on seeking reconsideration, but any motion for reconsideration should have been brought promptly, not five months after the challenged ruling. See Ace American Ins. Co. v. RC2 Corp., 2008 WL 4922596 *1 n.1 (N.D. Ill. Nov. 13, 2008); United States Gypsum Co. v. LaFarge N. Am., Inc., 2007 WL 2091020 *1 (N.D. Ill. July 18, 2007). In any event, the arguments contained in the motion for reconsideration are duplicative of arguments contained in plaintiff's briefs addressing the other two pending motions.[2] It was not necessary to formally file a separate motion for reconsideration in order to have the court consider the applicability of the deliberative process privilege in light of the facts now before it. Nevertheless, no good reason is presented for now requiring disclosure of the closed session transcripts. Those sessions primarily focused on legal advice about this litigation and the EEOC proceedings that preceded it. Plaintiff has substantial other evidence, including closed sessions more directly dealing with decisions about his employment, depositions of the persons involved in the decisionmaking, and non-privileged employment documents. Therefore, this is not the type of situation where

---

[2]The reconsideration brief will not be parsed to determine if it contains different or differently nuanced arguments than plaintiff's other three briefs.

otherwise privileged evidence should be turned over because

plaintiff has a particularized need for that evidence. Also,

contrary to plaintiff's contention, defendants have not put

their legal strategies at issue by raising them as affirmative

defenses. Additionally, plaintiff fails to recognize the narrow

nature of defendants' present motion for a protective order.

They only seek to preclude questioning as to legal strategy in

defending against plaintiff's claims and any discussions of

possible settlement. As to that narrow limit on plaintiff's

questioning of the particular deponents, defendants' motion for a

protective order will be granted.

The other motion before the court concerns hundreds of

entries in defendants' privilege log. In light of the large

number of documents at issue,[3] the court will not recite the

specific reasoning regarding the rulings on each individual

document. Instead the court will simply recite those documents

that must be disclosed because not found to be protected by a

privilege or the work product doctrine. Before setting forth the

---

[3]It would have been useful if plaintiff had provided a
list of documents that are still in contention following
concessions made in defendants' answer brief and plaintiff's
reply brief or if either party had provided a chart cross-
referencing the contentions made as to each document at issue.
Those documents that defendants have agreed to disclose in full
or in a redacted form will not be listed in today's order and it
is assumed they have already been turned over or will be turned
over promptly.

additional documents that must be disclosed, the parties' general

contentions will be briefly addressed.

Plaintiff's first contention is that many entries lack

sufficient details about the documents. While a detailed

description of the documents is not required, sufficient

information must be provided to reasonably make a determination.

In response to plaintiff's motion to compel, defendants have

provided affidavits supplementing the descriptions on the

privilege log. Therefore, regardless of whether the privilege

log was sufficient by itself, defendants have generally provided

more than enough information to support whether the documents are

privileged and/or protected by the work product doctrine.[4] Cf.

Naik v. Boehringer-Ingelheim Pharm., Inc., 2008 WL 4866015 *3

(N.D. Ill. June 19, 2008). Also, plaintiff cites no case

supporting his contention that a ruling on a discovery issue such

as a privilege log is limited to consideration of materials that

would meet the Fed. R. Civ. P. 56(e) standard for summary

judgment. Such a limitation would be inconsistent with the broad

discretion that the court has in ruling on discovery matters.

---

[4]There are a few exceptions for which the description
does not sufficiently support the document involved legal advice
or work product, and no affidavit provides further specifics.
See, e.g., 88, 119, 152, and 179. For all of the following
closed Board sessions, there is no information on the log or in
an affidavit regarding what was discussed and most do not even
list the date of the meeting: Plainfield 8631-34, 8658-99,
8727-28, 8748-52, and 8825-8913.

See <u>Commonwealth Ins. Co. v. Titan Tire Corp.</u>, 398 F.3d 879, 888 (7th Cir. 2004); <u>Packman v. Chicago Tribune Co.</u>, 267 F.3d 628, 646 (7th Cir. 2001); <u>Parker v. Freightliner Corp.</u>, 940 F.2d 1019, 1024-25 (7th Cir. 1991). Whether a particular fact is supported by an affidavit or declaration based on personal knowledge and whether a statement is conclusory or detailed are factors that go to the weight of the particular submission.

Plaintiff disputes whether attachments to privileged communications with an attorney are also privileged. If legal advice is requested regarding the attachments, the communication with the attorney is privileged. Whether the attachments as independent documents are discoverable is a separate question. See <u>Muro v. Target Corp.</u>, 250 F.R.D. 350, 363 (N.D. Ill. 2007). For example, there are communications from the media or parents that were forwarded to an attorney for legal advice about how to respond before school officials provided any response. The communications, including any attachments, sent to the attorney are privileged. However, the communications as originally received from the media or parents still must be disclosed to the extent they are responsive to a proper discovery request. Also, when a draft communication is sent for an attorney's advice before being finalized, the draft itself is a privileged document even if the final version is not. See <u>Naik</u>, 2008 WL 4866015 at *3.

Plaintiff finds a "shocking admission" of improper retaliation in a paragraph of attorney J. Todd Faulkner's affidavit. Faulkner states:

> Following the January 9, 2006 [letter of] complaint [of plaintiff] and beginning on January 11, 2006 with the District's receipt of the complaint and subsequent receipt of the Charge on January 20, 2006, and based on the legal issues and allegations contained therein, I advised the Board members and the District administrators that I believed Dr. Rainey intended to file a lawsuit once the EEOC and IDHR had completed their investigations into the Charge. As such, the primary motivating purpose behind the review, creation and drafting of the following documents was to assist in preparing for the possibly [sic] of future litigation, or develop the District's litigation strategy for the potential future litigation, or create a factual and legal record establishing and solidifying the District's non-discriminatory, non-harassing and non-retaliatory reasons for non-renewing Dr. Rainey's contract.

Def. Exh. A ¶ 82.

Plaintiff construes this statement as meaning that, in response to his informal and administrative complaints, defendants decided to discharge plaintiff and create a false record to support the discharge. The statement, however, is more readily susceptible to being understood as being that, knowing litigation and plaintiff's discharge were possible, the attorney advised his client to keep careful documentation of the process and communications with plaintiff and to request additional legal advice about the ongoing communications and decisionmaking.

For purposes of ruling on the privilege log, that is the interpretation that has been taken. No document will be required to be disclosed based on the "other misconduct exception" asserted by plaintiff in his reply.

Based on the parties' assertions and concessions, it is found that the following documents from the privilege log are presently in dispute: 1-4, 6-7, 9-11, 14-16, 18-21, 25, 48, 56, 60, 66, 68, 74-75, 85, 88, 95-96, 109-12, 116, 119-21, 126-28, 135, 137, 140-42, 146-53, 172, 175, 178-79, 183, 185-88, 191-95, 198, 200-02, 204-05, 207-09, 211, 213, 215-16, 219-20, 222-29, 233-34, 237-40, 243, 246, 253-54, 257, 259-60, 270, 275, 281, 283, 298, 326-31, 333-34, 336-43, 350-51, 353, 357-60, 362-65, 367-70, 372-91, 393-99, 401-19, and 421, and Plainfield 5742-7384, 8503-53, 8631-99, 8727-52, 8816-8913, 11323-39, 11436-37, and 11450-58. In addition to those documents that defendants have voluntarily agreed to disclose in response to plaintiff's motion, see Def. Br. at 3, Exh. B ¶ 44, defendants shall provide the following privilege log documents which defendants have not established to be protected by a privilege or protected by the work product doctrine: 1-4, 7, 9-11, 14, 48, 60, 110, 116, 119, 152, 172, 175, 179, 183, 185, 187-88, 191, 195, 216, 219, 222, 233, 238, 243, 246, 253-54, 368-69, 383, 386, 388-89, 405, 407-12, and 415-16, and Plainfield 8631-34, 8658-99, 8727-28, 8748-52, 8825-8913, 11323-39, 11436-37, and 11451-58.

IT IS THEREFORE ORDERED that defendants' motions to file a reply [69], file a surreply [73], and for a protective order [56] are granted.  Plaintiff's motion for reconsideration [66] is denied.  Plaintiff's motion to compel [51] is granted in part and denied in part.  Within 15 days, defendants shall disclose the additional privilege log documents.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED:  APRIL  16 , 2009